**Thomas Ray HINES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–93–00149–CR.**

Court of Appeals of Texas, Texarkana.

Submitted June 2, 1994.

Decided June 22, 1994.

Discretionary Review Granted Oct. 12, 1994.

Joe A. Hughey, Wedding & Hughey, Marshall, for appellant.

Richard Berry, Crim. Dist. Atty., Marshall, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Thomas Hines appeals from his conviction for the offense of public lewdness. He contends that his misconduct was not in public and that he was not reckless about whether another was present who may have been offended. Thus, he maintains he is not guilty as charged. We agree and reverse.

The State proceeded against Hines under Section 21.07(a)(3) of the Penal Code.[1] As it was stipulated that Hines' misconduct did not occur in a public place, the State charged that Hines was reckless about whether someone else was present who might be offended or alarmed when he had sexual contact with a person. Specifically, the information charged that Hines engaged in an act of sexual contact,

> and said defendant was then and there reckless about whether another was present who would be offended and alarmed by his act of sexual contact in that he was

aware of but consiously (sic) disregarded a substantial and unjustifiable risk that ["X"], a child younger than 17 years of age and not the spouse of the defendant, was present and that she would be offended and alarmed by his act of sexual contact and ["X"] was present and offended and alarmed by the defendant's act of sexual contact.

The public lewdness offense is designed to protect members of the public from being offended or alarmed by what someone is doing. *See Reynolds v. State*, 856 S.W.2d 547 (Tex.App.—Houston [1st Dist.] 1993, no pet.). It assumes that the sexual acts, except in the case of bestiality, are consensual acts. *See* 2 TEXAS ANNOTATED PENAL STATUTES WITH FORMS § 21.07, cmt. (3d ed. 1974).

Hines had been a friend of the thirteen-year-old child and her family for over a year. The family lived on about thirty acres of land in Harrison County. Hines came there to hunt and fish on the property at the family's invitation. On November 21, 1992, Hines stopped at the family's house and had a cup of coffee while visiting with the child and her mother. Then he said he was going to go check on some deer stands and asked the child if she wanted to go. Her mother indicated that it was all right, and she went.

They left, put corn out to attract deer, and checked on a deer stand. Hines drove down a public road off the family's property, then turned onto a small trail which went a long way through the woods to the second deer stand. There, deep in the woods, Hines turned off the engine and engaged in the offensive conduct.

The facts here show that Hines engaged in sexual contact with a child younger than seventeen years and not his spouse. This conduct clearly constitutes the offense of in-

---

1. Section 21.07, entitled Public Lewdness, provides:

   (a) A person commits an offense if he knowingly engages in any of the following acts in a public place or, if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act:
   (1) an act of sexual intercourse;
   (2) an act of deviate sexual intercourse;
   (3) an act of sexual contact;
   (4) an act involving contact between the person's mouth or genitals and the anus or genitals of an animal or fowl.
   (b) An offense under this section is a Class A misdemeanor.
   TEX.PENAL CODE ANN. § 21.07 (Vernon 1989).

decency with a child.[2] However, it does not constitute public lewdness.

The State maintains that the child victim is the "other person present" who might have been offended or alarmed. That position is untenable in light of the history and wording of the public lewdness statute. The State maintains that Hines should not be heard to complain because it chose to prosecute him for the misdemeanor offense of public lewdness rather than the felony offense of indecency with a child. Hines, however, does complain that he did not commit public lewdness. We agree.

We reverse the judgment of conviction.

---

**2.** Section 21.11, Indecency with a Child, provides:

(a) A person commits an offense if, with a child younger than 17 years and not his spouse, whether the child is of the same or opposite sex, he:

(1) engages in sexual contact with the child; or

(2) exposes his anus or any part of his genitals, knowing the child is present, with intent to arouse or gratify the sexual desire of any person.

(b) It is a defense to prosecution under this section that the child was at the time of the alleged offense 14 years or older and had, prior to the time of the alleged offense, engaged promiscuously in:

(1) sexual intercourse;

(2) deviate sexual intercourse;

(3) sexual contact; or

(4) indecent exposure as defined in Subsection (a)(2) of this section.

(c) It is an affirmative defense to prosecution under this section that the actor:

(1) was not more than two years older than the victim and of the opposite sex; and

(2) did not use duress, force, or a threat against the victim at the time of the offense.

(d) An offense under Subsection (a)(1) of this section is a felony of the second degree and an offense under Subsection (a)(2) of this section is a felony of the third degree.

Tex.Penal Code Ann. § 21.11 (Vernon 1989).