Thomas Ray HINES, Appellant,

v.

The STATE of Texas, Appellee.

No. 893–94.

Court of Criminal Appeals of Texas, En Banc.

Sept. 20, 1995.

Joe A. Hughey, Marshall, for appellant.

Kevin McCarter, Assistant District Attorney, Robert A. Huttash, Marshall, State's Atty., Austin, for the State.

---

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

CLINTON, Judge.

Appellant was convicted of the offense of public lewdness, under V.T.C.A. Penal Code, § 21.07(a)(3). Punishment was assessed at 60 days in jail, probated for twelve months, and a fine of $500. Section 21.07(a)(3) reads:

"(a) A person commits an offense if he knowingly engages in any of the following acts in a public place, or *if not in a public place, he is reckless about whether another is present who will be offended or alarmed by his act:*

\*   \*   \*   \*   \*   \*

(3) an act of sexual contact[.]" [1]

The facts show that appellant engaged in sexual contact with a thirteen year old child in an area which was not a public place.[2] The State alleged that appellant was reckless about whether "another" was present who would be offended and alarmed by his act of sexual contact—the "another" being the thirteen year old complainant.[3] The court of appeals disagreed, and reversed, holding that although appellant's conduct may have constituted the offense of Indecency with a Child, see V.T.C.A. Penal Code, § 21.11, it did not amount to public lewdness, "in light of the history and wording of the public lewdness statute." *Hines v. State,* 880 S.W.2d 178, 180 (Tex.App.—Texarkana 1994). The State now contends in its petition for discretionary review that this construction of § 21.07 is contrary to the plain language of the provision. We granted review pursuant to Tex.R.App.Pro., Rule 200(c)(4).

The issue before this Court is one of statutory interpretation. Specifically, the question is whether the complainant can be the "other person present" who might be

---

1. All emphasis supplied unless otherwise indicated.

2. It was stipulated that the alleged conduct did not occur in a public place. *Hines v. State,* 880 S.W.2d 178, 179 (Tex.App.—Texarkana 1994).

3. Specifically, the information charged that appellant engaged in an act of sexual contact and that:

"... said defendant was then and there reckless about whether another was present who would be offended and alarmed by his act of sexual contact in that he was aware of but consiously (sic) disregarded a substantial and unjustifiable risk that ["X"], a child younger than 17 years of age and not the spouse of the defendant, was present and that she would be offended and alarmed by his act of sexual contact and ["X"] was present and offended and alarmed by the defendant's act of sexual contact."

offended or alarmed under Section 21.07. When interpreting criminal statutes, courts focus on the plain language of the text, for that is the foremost indication of legislative intent. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Cr.App.1991). Only if the language of the text is ambiguous or if the plain language would lead to absurd results is it appropriate for a court to consider extratextual factors, such as executive or administrative interpretations of the statute or legislative history. *Boykin,* supra at 785–86.

The State argues that the court of appeals' interpretation is contrary to the plain meaning of Section 21.07. The State points out that Section 1.07(a)(4) of the Penal Code defines "another" as "a person other than the actor." Of course we are bound to construe Penal Code provisions in light of definitions in the Penal Code itself. See V.T.C.A. Penal Code, § 1.05; V.T.C.A. Government Code, § 311.011(b). Plugging the definition of "another" from Section 1.07(a)4) into Section 21.07, the latter provision reads, in relevant part:

"A person [the actor] commits an offense if he knowingly engages in [sexual contact] in a public place or, if not in a public place, he is reckless about whether [a person other than the actor] is present who will be offended or alarmed by his act[.]"

The State argues that the "person" who "is present and will be offended or alarmed" by the sexual contact can be *any* "person other than the actor." Cf. *Bryson v. State*, 807 S.W.2d 742, 746 (Tex.Cr.App.1991) ("another" includes employee of public servant, and if he "subjects another to mistreatment," State can prosecute him under V.T.C.A. Penal Code, § 39.02). Thus, the "other person" may include the same "other person" who is the recipient of the sexual contact. See V.T.C.A. Penal Code, § 21.01(2) (" 'Sexual contact' means any touching … of another person …"). Thus, in the State's view, "the meaning of the statutory text, when read using the established canons of construction relating to such text," *Boykin,* supra at 785,

is plain. Within that meaning, an accused can be prosecuted if he is reckless about whether the person with whom he engages in sexual contact will be offended or alarmed by that act.

For his part, appellant argues that the plain language of Section 21.07 precludes the State's construction. He does not favor us with an explanation of how he believes it does this. In our view, while the language of Section 21.07 does not plainly discount the State's construction, it does not "plainly" embrace it either. Broadening our focus to the statute as a whole, we derive two reasons that application of Section 21.07 to the facts of this case is not as "plain" as the State would have it, the statutory definition of "another" notwithstanding.

First, the overall structure of the statute tends to belie the State's construction. There is a marked parallelism between the first theory of (what is, after all) "public" lewdness, involving knowingly engaging in one of certain acts in what is statutorily defined as a "public" place,[4] and the alternative theory that a lewd act occurs in a place that is not, strictly speaking, "public," but the actor is reckless about whether another person might be present who will be offended. This parallel structure suggests that the latter theory was meant to operate as a kind of functional equivalent of the former. That is to say, it is the sensibilities of the "public" that the statute was designed to protect, whether or not the act occurs in what may be defined strictly as a "public" place. It is true that under some scenarios the contactee may be offended or alarmed by the contact. But whatever "offense" or "alarm" the recipient of such contact may experience is actionable under other provisions of the Penal Code that do not focus exclusively upon "public" sensibilities, as the parallelism in Section 21.07 suggests that it does. As the court of appeals pointed out, appellant could have been prosecuted under § 21.11, Indecency with a Child, which is a felony offense. Even if the contactee had not been a child, if she was offended, appellant could still have been

**4.** V.T.C.A. Penal Code, § 1.07(29) defines "public place" to be "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops."

prosecuted at least for simple assault, also a Class C misdemeanor under V.T.C.A. Penal Code, § 22.01(a)(3). These provisions would seem to take care of the non-public aspects of any conduct which, if it happened to occur either in "public" or under other circumstances that nonetheless threaten public sensibilities, would also be actionable under Section 21.07. While it would undoubtedly be permissible for the Legislature to overlap these offenses in the way the State contends that it has, we cannot say with any confidence that the Legislature "plainly" had that in mind.

■ Second, had the Legislature really intended Section 21.07 to be read as the State now contends, it could have manifested that intent by drafting the provision in a different way than it did. The statute, as written, requires proof that the accused was "reckless about whether another *is present* who will be offended or alarmed by his act." Plainly this requires proof that the actor is reckless, not simply about whether someone might be offended or alarmed by his conduct, but whether someone "is present" who might be offended or alarmed. It is more than a little odd to require proof that an actor is reckless about whether "another" "is present" with whom the statute already requires a showing that he "knowingly engages" in sexual contact. It is difficult to imagine a very plausible scenario in which one can "knowingly engage" in sexual contact with "another" about whose presence one is merely "reckless." This anomaly leads us to question the State's assumption that when Section 1.07(4) defines "another" to mean "*a* person other than the actor," it necessarily, in every context, means *any* person other than the actor.

Instead of drafting the statute as it did, the Legislature could have made it an offense for a person to knowingly engage in one of the enumerated acts in a non-public place if "he is reckless about whether *another who is present* will be offended or alarmed by the act." Though subtle, this distinction is significant. Under this hypothetical version of the statute, the factfinder would only have to find that the actor was reckless regarding whether any person who happened to be present would be offended or alarmed by his conduct. This would certainly include the "other person" he sexually contacted, for he could "knowingly engage" in that conduct though merely reckless whether it would cause that "other person" offense or alarm. But under the statute as written, the factfinder must find that the "other person" "who will be offended or alarmed" actually "is present." This sets up the anomaly we have already alluded to, *viz:* if the only "other person" present is the recipient of the sexual contact, the jury would be asked to find that the accused was "aware of . . . a . . . risk" that the person with whom he "knowingly engage[d]" in sexual contact was actually "present" when he made contact with her. See V.T.C.A. Penal Code, § 6.03(c).[5] Had the Legislature intended the statute to apply when the only "other person" "present" is the sexual contactee, it could have achieved that result, and avoided the anomaly, by simply transposing the word "who." That instead the Legislature wrote Section 21.07 as it did fortifies our conclusion that its applicability to the facts of this case is not at all as straightforward as the State would have it.

■ We conclude that it is not "plain" from the face of Section 21.07 that the Legislature intended it to apply to a set of facts

---

5. We are not unmindful of V.T.C.A. Penal Code, § 6.02(e). That provision reads:

"(e) Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged."

It might be argued that this provision removes the anomaly of asking a factfinder to find an accused was "aware of a risk" that "another person" was present when it has already been asked to find he "knowingly engage[d]" in sexual contact with that person. It is certainly true that proof that an accused knew "another [was] present" would suffice, under Section 6.02(e), to es-

tablish that he was "reckless" in that regard. For that reason we agree that *if* the Legislature intended Section 21.07 to apply to the facts of this case, the evidence would be sufficient to support the conviction. But the question is not whether the evidence was sufficient. The question is whether the statute on its face plainly proscribes appellant's conduct under the rubric of "public lewdness." Section 6.03(e) does nothing to ameliorate the sheer oddity of saying that one may be "reckless" about the presence of another with whom one is knowingly engaging in a sexually motivated act.

like those before us in this case. Where Legislative intent is not "plain" from the statutory language, we are permitted under *Boykin* to consult extratextual sources. 818 S.W.2d at 785–86. After doing so, we find the State's construction of the statute untenable.

Appellant directs our attention to the Practice Commentary in 2 Vernon's Annotated Penal Code (1989). The Practice Commentary, insofar as it speaks to the second theory of public lewdness under Section 21.07, says:

"Section 21.07 also proscribes lewd conduct in a nonpublic place in which it is likely (the actor 'is reckless about whether') another is present who will be offended or alarmed by the conduct. This concept of publicness could apply to a private residence, for example if there are people present whom the actor perceives are likely to be offended or alarmed by his lewd conduct."

*Id.*, at 273. This of course suggests that if there are third parties present in the private residence besides the actor and the recipient of the lewd conduct, the statute will be violated if the actor is reckless about whether they will be alarmed or offended. The Practice Commentary does not expressly rule out a legislative intent that the "other person" present who may be offended or alarmed in contemplation of the statute may be the same person who is the object of the lewd conduct. But by emphasizing the presence of third parties, it does jibe with the inference, derived from the parallel structure of the statute, that the second theory of public lewdness is meant to vindicate public sensibilities. Appellant also points to the Explanatory Comment that accompanies Section 21.07 in 2 Branch's Texas Annotated Penal Statutes (3d ed. 1974). This reads, in relevant part:

"It is assumed that the acts enumerated [in Section 21.07(a)(1)–(4)] are consensual type acts. If not, then other provisions in the chapter would apply carrying much more severe penalties, e.g., rape, sexual abuse, etc."

*Id.*, at 145. If the Legislature indeed assumed that the enumerated acts were "consensual," then surely it did not contemplate that the recipient of those acts should be the one "offended or alarmed" for purposes of proving the commission of public lewdness.

Based upon our reading of the entire statute, and on these extratextual sources which confirm that reading, we conclude that Section 21.07 was not meant to apply to facts such as those presented in this cause. The State is correct, of course, that the "person" about whose presence the actor was reckless under Section 21.07 need only be "another," i.e., "*a* person other than the actor." See § 1.07(4), supra. "A" is, of course, an indefinite article. But in the context of Section 21.07 we think it most likely that legislators would have understood "a" person other than the actor to mean "some" "unspecified" person other than the actor, not "any" other person. The New Merriam–Webster Dictionary (1989), at 19. For, judging by the structure and language of the statute as a whole, it is almost certain that the Legislature contemplated that the "person other than the actor," albeit unspecified, would be someone other than both the actor *and* the person with whom the actor engages in one of the enumerated sexual acts. See *Boykin*, supra at 785 (courts focus first on literal text of a statute because that is the best evidence of the intent of "the legislators who voted on it"); *Fogo v. State*, 830 S.W.2d 592, 595 (Tex. Cr.App.1992) (inquiring what legislators reading a statute in a common-sense manner before voting on it would probably have concluded).

We hold that the State must prove the actor was reckless with regard to the presence of a third party in order to establish an offense under the non-public-place theory of public lewdness under Section 21.07(a)(3). The State did not prove appellant was reckless about the presence of "another" as so construed. There was no third party present, nor any reason to believe appellant was reckless with regard to the presence of a third party. Indeed, the evidence tends to show appellant deliberately selected an isolated spot, "deep in the woods," where his conduct would not be observed by others. *Hines v. State*, supra, at 179. We therefore have no basis to overrule the court of appeals' holding that the evidence was insuffi-

cient to establish the offense of public lewdness under Section 21.07.

Accordingly, we affirm the judgment of the court of appeals.

OVERSTREET, J., concurs in the result.