TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00104-CR







Ciroos Khodabandeh, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 505810, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING








 Appellant Ciroos Khodabandeh was convicted in a jury trial of the offense of
indecent exposure. See Tex. Penal Code Ann. § 21.08(a) (West 1994). The trial court assessed
appellant's punishment at incarceration in the county jail for 150 days. Appellant asserts that the
evidence is legally and factually insufficient to support the jury's verdict and that the trial court
erred in overruling an objection to the State's jury argument. We will overrule appellant's points
of error and affirm the judgment.

 The State alleged in the information that:


CIROOS KHODABANDEH, the defendant, on or about the 7th day of May, A.D.
1998, did then and there expose part of his genitals with intent to arouse and
gratify the sexual desire of any person, and the Defendant was reckless about
whether another person was present who would be offended and alarmed by such
act, namely, by exposing his penis in the presence of P Z , to wit:  Defendant
exposed his penis in a business office during hours of operation when the business
was open to the public and employees of the business were working.



 In his first point of error, appellant claims that:


The evidence is insufficient as a matter of law to sustain this conviction, inasmuch
as the complaining witness testimony clearly showed that her conduct in this case
constituted criminal acts, i.e., prostitution, as proscribed under sections 43.01(3)
and 43.02(A)(1-2), Penal Code, and thus there is no evidence to support the
required elements of this offense, i.e. that the complainant would be "Offended
and Alarmed by such act," i.e. the alleged "Exposure," thus requiring the
judgment to be reversed and a judgment of acquittal entered.



 In reviewing the legal sufficiency of the evidence, the test is whether, after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. See Jackson v. Virginia,
443 U.S. 307, 319 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994); Geesa
v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991); Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988). 

 The only evidence before the jury was the testimony of the complaining witness;
we will summarize that testimony. Appellant operated an automobile repair shop. Several times
before the day of the alleged offense, the complainant brought her family's cars to appellant's
shop for repairs. Between 3:30 and 4:00 p.m. on May 7, 1998, the complainant came to the shop
to ask appellant to hold a check with which she had paid a recent repair bill until her next pay
day. The complainant, who was buying a house, was concerned that if appellant did not hold her
check, her account would be overdrawn resulting in the impairment of her credit so that she would
not get her loan to purchase the house. The complainant did not know when she went to discuss
the matter with appellant that he had already cashed her check. 

 Complainant made a detailed explanation to appellant of her predicament and her
fear that "a bounced check . . . would hinder her closing" on the house. Appellant made "mostly
small talk" but told the complainant he would hold her check, and asked her, "[i]f I hold the
check, what are you going to do for me?" Appellant then asked the complainant to give him a
big hug. This did not surprise or shock the complainant, because on a prior occasion she had
hugged him when he performed an extra service of towing her car and reduced her bill by $50. 
But this time when she hugged him, appellant pulled her "up to him and made full body contact"
and said, "I want to feel it." The complainant stepped away, and appellant asked her to give him
the date when he could cash the check. The complainant asked to see a calendar. Appellant led
her into his office, closed the door, and handed her a calendar. As he handed her the calendar
he "brushed up against" her. He then sat down in a chair and pulled the complainant onto his lap. 
The complainant tried to get up and he pulled her back; she tried to get up again and he released
her. Appellant then stood up beside her and told her that "he had a big one." He then unzipped
his pants, took out his penis, held it in his hand, and requested that complainant touch his penis. 
When she did not comply with his request, appellant took her hand and holding her wrist held her
hand on his penis for what she estimated to be thirty seconds or less although "it seemed like
forever." There was a noise outside of the office. Appellant zipped up his pants and walked out
of the office "making small talk like, 'yeah, I'll fix your car, and come back and pick up your car
at 6 or 8.'" The complainant left the shop. She was still concerned about the check; she "needed
to get this cleared up because my home may have depended on it." Between six and seven p.m.,
she telephoned appellant at his shop. Appellant was "rude" and told her to return to his shop and
stated the "things he would like to do" to her in vulgar language including performing anal sex. 
The complainant told her grown children about the incident, but she did not report it to the police
until several days later. She testified that she delayed telling the police because she was upset,
there were no other witnesses, she feared she would not be believed, and feared that she herself
would be the one on trial.

 Appellant argues that the complainant committed the act of prostitution in violation
of the penal code by holding appellant's penis in consideration of appellant's holding her check. 
Appellant concludes the complainant could not have been alarmed or offended by appellant's
exposure of his penis; therefore, the State failed to prove the necessary element of the offense that
appellant was reckless about whether another person was present who would be offended and
alarmed by appellant's exposure. A person commits the criminal offense of prostitution or any
other criminal offense only if the person voluntarily engages in conduct, including an act or an
omission. See Tex. Penal Code Ann. § 6.01(a) (West 1994).

 The evidence, when viewed in the light most favorable to the jury's verdict, does
not show that the complainant voluntarily held appellant's penis or did any other act to commit
the offense of prostitution. The complainant was asked: "Were you alarmed or offended by Mr.
Khodabandeh exposing his penis to you in that office?" The complainant answered, "Yes, sir."

 We hold that the evidence is legally sufficient to prove the element of the offense
that appellant was reckless about whether another person was present who would be offended by
his exposure. The evidence shows that the complainant was offended and alarmed and it is
sufficient that any rational jury could have found all the essential elements of the offense of
indecent exposure beyond a reasonable doubt. The jury's verdict is supported by the evidence. 
The first point of error is overruled.

 In his second point of error, appellant claims that


The evidence is factually insufficient to support this conviction, inasmuch as the
complaining witness testimony clearly showed that her conduct in this case
constituted criminal acts, i.e., prostitution, as proscribed under sections 43.01(3)
and 43.02(A)(1-2), Penal Code, and thus there is no evidence to support the
required elements of this offense, i.e. that the complainant could be "offended and
alarmed by such act," i.e. the alleged "exposure," thus requiring the judgment
to be reversed and new trial ordered. See Clewis v. State, 922 S.W.2d 126.



 In reviewing the factual sufficiency of the evidence, we view all of the evidence 
"without the prism of in the light most favorable to the prosecution"; we set aside the jury's
verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong
and unjust. See Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State,
823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd untimely filed). In performing a factual
sufficiency review, the courts of appeals are required to give deference to the jury's verdict and
examine all of the evidence impartially, setting aside the jury verdict "only if it is so contrary to
the overwhelming weight of the evidence as to be clearly wrong and unjust." Cain v. State, 958
S.W.2d 404, 410 (Tex. Crim. App. 1997) (quoting Clewis, 922 S.W.2d at 129).

 We consider all of the evidence to determine its factual sufficiency. On cross-examination, the complainant testified that she had been twice convicted of "theft by check." She
also testified on cross-examination as follows:


Q: . . . You wanted to avoid this bounced check at this time at virtually any
cost, did you not?


A: No, sir.


Q: Where would you have drawn the line to avoid it?


A: Pardon me?


Q: Well, you said you would not have gone to any length to avoid this bad
check. Where would you have drawn the line to avoid Mr. Khodabandeh
running this check through?


A: I did draw the line.


Q: Did you draw the line at holding his penis?


A: No.


Q: That was not the line you were drawing?


A: I did not hold his penis.


Q: You did not hold his penis?


A: My hand was laying [sic] on top with his hand holding my hand on there. 
I did not hold it. I did not squeeze it. I did not do any of that.


Q: And how long did you think that went on?


A: I'm sorry?


Q: How long did you think that went on?


A: It seemed like hours, but it was only about 30 seconds or less.


Q: And you couldn't have jerked back, pulled away, done anything?


A: Yes, sir.


Q: Yes, you could have pulled back?


A: Yes, sir. He was not restraining me that hard that I could not have, yes, sir.


Q: So, in fact, you did acquiesce to him having your hand on his penis?


A: I don't know what that means.


Q: You did it?


A: Okay. What is the question?


Q: You could have pulled away; you have testified you did not pull away?


A: No, sir, I didn't.


Q: The reason was you really wanted to get an answer from him as to whether
that check was going to be deposited any time soon, right?


A: That is not why I didn't pull away.


Q: Why didn't you pull away?


A: I felt at that time that I was there in the office, I was -- there was nobody else
around. I was afraid that if I did pull away that that would be rejection to
him, and he would not hold the check.


Q: So it all gets back to the check, right?


A: It does, the check and my home, yes, sir, which he also knew.


* * * 



Q: All right. So you are alleging that he pulled you down into his lap, you tried
once to get up, but he repositioned you and you stayed after that, then he
finally let you up, and it was after that that he unzipped his pants and put
your hand on his penis, is that correct?


A: That is correct.


Q: And you said it probably -- seemed like hours but it probably was like 30
seconds?


A: Or less, yes sir.



 Reviewing and considering all of the evidence impartially as required by Clewis,
and giving deference to the jury's verdict as required by Cain, we find the jury's verdict is not
so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. 
Appellant's second point of error is overruled.

 In his third and fourth point of error, appellant insists that the evidence is legally
and factually "insufficient to support this conviction, because there is no corroborating evidence
that complaint was 'offended and alarmed' by the act of 'exposure,' because she was an
'accomplice' to this alleged offense, her conduct being clearly consensual. See Article 38.14,
V.A.C.C.P." We quote appellant's argument on these points from his brief.


Appellant would again rely upon the similar arguments made under Points of Error
1 and 2, above, to show that the complaining witness in this case clearly indicated,
by her contact, that she was a 'criminal accomplice,' as defined under Article
38.14, Code of Criminal Procedure, to an act of 'prostitution' as set out above. 
Therefore, she is an accomplice in the crime alleged against appellant, i.e.,
'indecent exposure,' as her acts of prostitution, combined with his alleged act of
'exposure,' are so intertwined and interrelated as to prevent a conviction of
appellant for the offense of 'indecent exposure,' without corroboration of the
testimony of the complaining witness.


In the instant case, the State presented only a single witness, [the complainant], and
appellant did not testify. There is simply no other evidence in which to
corroborate her testimony. Therefore, as a matter of law, the evidence cannot
support this conviction, whether the jury was instructed upon the accomplice
witness law or not.



 In our disposition of appellant's first and second points of error we held that the
evidence did not show that the complainant committed the offense of prostitution. Moreover,
Article 38.14 of the Code of Criminal Procedure does not apply to the offense of prostitution,
because a conviction for prostitution may be had upon the uncorroborated testimony of a party to
the offense. See Tex. Penal Code Ann. § 43.06(d) (West 1994). Furthermore, even if the
complainant were an accomplice witness to an act of prostitution by appellant, she would not
necessarily be an accomplice witness to appellant's offense of indecent exposure, because
complicity with an accused in the commission of another offense does not make that witness an
accomplice to the offense for which the accused is on trial. See Kunkle v. State, 771 S.W.2d 435,
439 (Tex. Crim. App. 1986); Carrillo v. State, 591 S.W.2d 876, 883 (Tex. Crim. App. 1979);
Caraway v. State, 550 S.W.2d 699, 702 (Tex. Crim. App. 1977). The complaining witness's
testimony that she was offended and alarmed by appellant's exposure need not be corroborated
because she was not an accomplice witness to the offense of appellant's indecent exposure. Points
of error three and four are overruled.

 In his fifth point of error, appellant urges that:


The evidence is legally insufficient to support the verdict as there is no evidence
to show the necessary elements of appellant's 'recklessness,' since there was no
showing that any 'other person was present,' other than the complaining witness
who would be offended, especially where the alleged conduct occurred in the
appellant's private office, with the door closed. See Hines v. State, 906 S.W.2d
518.



 Hines was a prosecution for public lewdness by sexual contact. The Court of
Criminal Appeals held that the "State must prove the actor was reckless with regard to the
presence of a third party in order to establish an offense under the non-public-place theory of
public lewdness under Section 21.07(a)(3)." Hines, 906 S.W.2d at 522.

 A person commits the offense of public lewdness if he knowingly engages in an act
of sexual contact in a public place or if not in a public place, he is reckless about whether another
person is present who will be offended or alarmed by his act of sexual contact. See Tex. Penal
Code Ann. § 21.07(a)(3) (West 1994).

 A person commits the offense of indecent exposure if he exposes his genitals with
intent to arouse or gratify the sexual desire of any person, and he is reckless about whether
another is present who will be offended or alarmed by his act. See Tex. Penal Code Ann. § 21.08
(West 1994).

 Appellant contends that the parallel provisions of these statutes relating to
"recklessness" requires that they be construed in the same way, and that the Court of Criminal
Appeals holding in Hines would control in prosecutions for indecent exposure. Appellant argues
that there is no evidence that a third person was present or that appellant was reckless about
whether a third person was present who would have been offended and alarmed when he exposed
his penis. Appellant concludes the State failed to prove the necessary element of the offense that
appellant was reckless about whether another person was present who would be offended and
alarmed by his act of exposure.

 Appellant's analogy between the statutes is incomplete and imperfect. The act of
public lewdness by sexual contact under the "non-public-place theory," requires the participation
of two people even though the participation of one may not be voluntary. Therefore, according
to the holding of Hines, proof that a defendant was reckless about whether another person was
present who would be offended and alarmed by his act of sexual contact would require the
presence of a third person. See Hines, 906 S.W.2d at 522.

 However, the act of indecent exposure requires exposure to only one person. 
Therefore, proof that the defendant was reckless about whether another person was present who
would be offended and alarmed by the actor's exposure requires only the presence of a second
person to whom he exposed his genitals, not a third person. Although appellant caused the
complainant to involuntarily contact his penis, appellant's act of exposure was complete as soon
as he exposed his penis to the complainant and the offense was committed before appellant caused
the complainant to touch his penis.

 Considering the plain wording of Section 21.08(a), we do not believe that the
legislature intended that a person who in his private office intentionally exposed his penis to a
customer would not be guilty of indecent exposure unless a third person were present who would
be offended and alarmed. We hold the evidence is legally sufficient without proof that appellant
was reckless about whether a third person was present who would be offended and alarmed by
his exposure to the complainant.

 We also note that "proof of a higher degree of culpability constitutes proof of the
culpability charged." See Tex. Penal Code Ann. § 6.02(e) (West 1994). The evidence shows
appellant intentionally exposed his penis to the complainant who was offended and alarmed. 
Appellant's fifth point of error is overruled.

 In his sixth point of error appellant asserts:


The trial court erred in overruling the objection of appellant to the final argument
of the State, where in the State argued outside the record that appellant had
committed "fraud," an extraneous offense, which was not supported by the record
and was improper and harmful.



 During the prosecutor's closing argument the following occurred.


Now, what are we going to hear? What do you think the defense is going to be--it's going to be that she agreed to this whole thing for a $201 check to be held for
two or more weeks. That is what they are going to get up here and argue, that she
asked for this somehow.


Now, if that isn't as insulting to each and every one of you as it was to her that
day, I can't imagine what would be.


First of all, you listened to her testimony. She asked that the check, that he agreed
to hold her check until May 8th, payday, all right. She goes the day before payday
to ask about it being held longer, and this takes place. But what did she learn after
that? He had already cashed the check. He didn't hold it until May 8th. He
cashed it that very day, didn't he? That's fraud.


[Defense counsel]:  I am going to object to that, Your Honor. May we approach?


THE COURT: Yes, you may.



Bench discussion in the presence of the jury, as follows: 



[Prosecutor]:  Your Honor, there is a reasonable inference from the evidence that
they are going to claim that it was based on some agreement, when he is making
it the basis for that agreement, I can argue that here --- 


[Defense counsel]:  Well, finish it then.


[Prosecutor]:  I did.


[Defense counsel]:  Well, Your Honor, I think it violates the motion in limine on
extraneous offenses not alleged in the information. And on that motion in limine,
I will ask for an instruction to disregard and I also ask for a mistrial.


THE COURT:  That motion is denied.


End of Bench Discussion.



 We conclude that appellant preserved for review the matter raised in this point of
error. The prosecutor's use of the word "fraud" was not an accusation that appellant had
committed an extraneous criminal offense. The prosecutor's use of the word "fraud" was his
abbreviated description of appellant's efforts to accomplish his nefarious plan by misrepresenting
to the complainant that he would hold her check when he had already cashed it. Although
appellant argues it was not, the prosecutor's argument was a logical deduction from the evidence
based on the State's theory of the case. The State's argument was within permissible bounds, and
the trial court did not err in overruling appellant's objection. However, if it may be successfully
asserted that the prosecutor's argument was improper and the trial court's ruling erroneous, the
error was harmless. In view of the entire record we conclude the argument, if error, did not
contribute to appellant's conviction or punishment. See Coble v. State, 871 S.W.2d 192, 206
(Tex. Crim. App. 1993). An argument which might exceed proper bounds will not constitute
reversible error unless, in light of the entire record, it is extreme or manifestly improper, violates
a mandatory statute, or injects new facts harmful to the defendant. See Staley v. State, 888
S.W.2d 45, 51 (Tex. App.--Tyler 1994, no pet.); Sawyer v. State, 877 S.W.2d 883, 884 (Tex.
App.--Houston [1st Dist.] 1994, pet. ref'd). Finally, the trial court's ruling, if erroneous, did not
affect the substantial rights of appellant and must be disregarded as harmless error. See Tex. R.
App. P. 44.2(b). Appellant's sixth point of error is overruled.

 The judgment is affirmed.



 


 Carl E. F. Dally, Justice

Before Justices Kidd, Yeakel and Dally*

Affirmed

Filed: February 3, 2000

Do Not Publish









* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



d the check. He didn't hold it until May 8th. He
cashed it that very day, didn't he? That's fraud.


[Defense counsel]:  I am going to object to that, Your Honor. May we approach?


THE COURT: Yes, you may.



Bench discussion in the presence of the jury, as follows: 



[Prosecutor]:  Your Honor, there is a reasonable inference from the evidence that
they are going to claim that it was based on some agreement, when he is making
it the basis for that agreement, I can argue that here --- 


[Defense counsel]:  Well, finish it then.


[Prosecutor]:  I did.


[Defense counsel]:  Well, Your Honor, I think it violates the motion in limine on
extraneous offenses not alleged in the information. And on that motion in limine,
I will ask for an instruction to disregard and I also ask for a mistrial.


THE COURT:  That motion is denied.


End of Bench Discussion.



 We conclude that appellant preserved for review the matter raised in this point of
error. The prosecutor's use of the word "fraud" was not an accusation that appellant had
committed an extraneous criminal offense. The prosecutor's use of the word "fraud" was his
abbreviated description of appellant's efforts to accomplish his nefarious plan by misrepresenting
to the complainant that he would hold her check when he had already cashed it. Although
appellant argues it was not, the prosecutor's argument was a logical deduction from the evidence
based on the State's theory of the case. The State's argument was within permissible bounds, and
the trial court