**Robert L. IGLEHART, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 06–01–00032–CR.

Court of Appeals of Texas,
Texarkana.

Submitted May 7, 2001.

Decided May 16, 2001.

Robert J. Inger, Houston, for appellant.

Shirley Cornelius, Asst. Dist. Atty., Calvin A. Hartmann, Harris County District Attorney's Office, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

OPINION

Opinion by Chief Justice CORNELIUS.

Robert Iglehart appeals his conviction for public lewdness, a Class A misdemeanor enhanced by a prior misdemeanor conviction. TEX. PEN.CODE ANN. § 12.43(a) (Vernon 1994); TEX. PEN.CODE ANN. § 21.07(b) (Vernon Supp.2001). A jury found Iglehart guilty, and the trial court

assessed his punishment at one year's confinement and a $1,000.00 fine, but suspended the imposition of his sentence and placed him on two years' community supervision.

Iglehart first challenges the legal sufficiency of the evidence. The record shows that the complainant made an appointment to look at a house Iglehart had for rent. Iglehart met the complainant and her friend to show them the house. Before the complainant finished her inspection of the house, her friend left to return to work. The complainant remained at the house to write down some information so Iglehart would be able to contact her about the house. The complainant testified that as she was getting ready to leave, she turned around to shake Iglehart's hand. He reached for her and pulled her closer to hug her. She testified that as they separated, Iglehart grabbed and rubbed her breast with both of his hands. There is no allegation that anyone else was present who saw or could have seen these events.

The State charged Iglehart with knowingly engaging in sexual contact by grabbing the complainant's breast in a nonpublic place, and while being reckless about whether another person, namely the complainant, was present who was offended or alarmed by his actions. *See* TEX. PEN.CODE ANN. § 21.07(a)(3) (Vernon 1994). Sexual contact is defined as any touching of the anus, breast, or any part of the genitals of another person with the intent to arouse or gratify the sexual desire of any person. TEX. PEN.CODE ANN. § 21.01(2) (Vernon 1994).

Iglehart argues that for public lewdness to occur in a nonpublic place, the actor must be reckless about whether another person, other than the complainant, is present who will be offended or alarmed by his actions. He cites *Hines v. State*, 906 S.W.2d 518, 522 (Tex.Crim.App.1995), in which the Texas Court of Criminal Appeals so construed the statute.[1] The court reasoned that it would be difficult, if not impossible, for an actor to knowingly engage in sexual contact with another and be reckless about the presence of that person. *Id.* at 521. The court also reasoned that, when read as a whole, the statute is designed to protect the sensibilities of the public and that other Penal Code provisions protect the individual. *Id.* at 520–21.

The State recognizes the authority of *Hines*, but argues that it was wrongly decided. The State contends that when public lewdness occurs between the actor and another nonconsenting person, the public sensibilities the statute seeks to protect are violated. In *Hines*, however, the court did not inquire into whether the thirteen-year-old complainant consented to the sexual contact; rather, the court held that the other person about whose presence the actor is reckless cannot be the complainant, but must be a third person. *Id.* at 522. We are bound by that decision. We need not consider Iglehart's second issue on appeal regarding whether the trial court erred in admitting certain hearsay evidence.

The judgment is reversed, and a judgment of acquittal is here rendered.

---

1. *Hines* upheld a decision from this Court holding that a man who committed sexual contact on a thirteen-year-old girl in an isolated place in the woods was not guilty of public lewdness because he was not reckless about whether another person was present who may have been offended. *Hines v. State*, 880 S.W.2d 178, 180 (Tex.App.—Texarkana 1994), *aff'd*, 906 S.W.2d 518 (Tex.Crim.App.1995).