# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00715-CR

**Nilda Iliana Rodriguez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
NO. 65241, THE HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

## D I S S E N T I N G   O P I N I O N

Despite the horrific nature of appellant's conduct in this case, this Court has a duty, in assessing the legal sufficiency of the evidence, to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime that was charged. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); *see Winfrey v. State*, 323 S.W.3d 875, 882 (Tex. Crim. App. 2010). "If the evidence establishes precisely what the State has alleged, but the acts that the State has alleged do not constitute a criminal offense under the totality of the circumstances, then that evidence, as a matter of law, cannot support a conviction." *Williams*, 235 S.W.3d at 750.

In this case, the evidence at trial proved the conduct the State alleged in the indictment: that appellant failed to provide adequate nutrition and necessary medical care to her son, thereby causing his death. But the particular offense the State chose to charge appellant with requires that the accused have caused the death by an affirmative "act," not by an "omission." The

evidence here fails to show that appellant committed any "act" or an "act clearly dangerous to human life" that caused her son's death. Thus, the evidence is insufficient to support her conviction for felony murder. Because the majority concludes otherwise, I respectfully dissent.

**BACKGROUND**

Appellant gave birth to twins, Deon and his sister, in early October 2008. Deon weighed 5 pounds 6 ounces at birth. Seven weeks later he died as a result of malnutrition and dehydration. At the time of his death, he weighed only 6 pounds. The evidence at trial established that Deon starved to death. The evidence also showed that there was no medical reason for the child's condition except the withholding of proper nutrition and that his condition and need for medical treatment would have been readily apparent to anyone caring for him on a routine basis.

In a two-paragraph indictment, the State charged appellant with "felony murder" using "injury to a child" as the underlying felony offense. The criminal conduct alleged in the first paragraph was (1) starving Deon, and (2) withholding sufficient nutrition and liquids necessary to maintain his life. The criminal conduct alleged in the second paragraph was (1) failing to ensure that Deon "ingested and benefited from" sufficient nutrition and fluids, and (2) failing to seek medical care for him when the need was apparent and appellant had a legal and statutory duty to do so. The State alleged the above described conduct as both the manner and means of causing injury to Deon as well as the act clearly dangerous to human life causing his death.

**DISCUSSION**

Appellant essentially concedes on appeal that the evidence at trial established that she caused her son's death by starvation and medical neglect. A plain reading of the Texas Penal Code, however, shows that failing to provide adequate nutrition and necessary medical care are "omissions" and cannot constitute "an act clearly dangerous to human life" as required by section 19.02(b)(3) of the Penal Code. Accordingly, I cannot escape the conclusion that the indictment (alleging injury to a child "by omission") does not support felony murder under the facts of this case and, further, that the evidence is legally insufficient to support her conviction for felony murder.

Felony murder is an unintentional murder committed in the course of committing a felony. *Threadgill v. State*, 146 S.W.3d 654, 665 (Tex. Crim. App. 2004) (citing *Fuentes v. State*, 991 S.W.2d 267, 272 (Tex. Crim. App. 1999)). In a felony-murder prosecution, the State must prove (1) an underlying felony (attempted or committed, excepting manslaughter or an offense included within manslaughter), (2) an act clearly dangerous to human life (attempted or committed), (3) the death of an individual, (4) causation (i.e., the dangerous act caused the death), and (5) a connection between the underlying felony and the dangerous act ("in the course of and in furtherance of . . . or in immediate flight from"). *Contreras v. State*, 312 S.W.3d 566, 583–84 (Tex. Crim. App. 2010); *see* Tex. Penal Code § 19.02(b)(3). The same felonious act of the underlying felony can also serve as the act clearly dangerous to human life; no proof of an additional dangerous act beyond the underlying felony is required. *Johnson v. State*, 4 S.W.3d 254, 258 (Tex. Crim. App. 1999); *see Lomax v. State*, 233 S.W.3d 302, 310 (Tex. Crim. App. 2007). According to section 19.02(b)(3),

3

however, it is clear that an *act* clearly dangerous to human life must cause the death of an individual before the felony-murder rule applies. *See* Tex. Penal Code § 19.02(b)(3).

The State argued at trial that appellant committed felony murder by her "actions"—starving her son and withholding adequate nutrition from him—and by her "inactions"—failing to ensure that her son received proper nutrition and failing to obtain necessary medical care. The State characterized all of appellant's conduct—actions and inactions—as "acts" for the purposes of felony murder.[1] However, the Penal Code specifically defines "act" to mean "a bodily movement, whether voluntary or involuntary[.]" *Id.* § 1.07(a)(1). Despite the State's attempt

---

[1] In closing argument, the State argued:

> The defendant in this case withheld nutrition. Starved her child. She did not make sure he was hydrated. She didn't feed him enough. That is the act in furtherance of the injury to a child.
> She didn't make sure that he benefited from the nutrition. She didn't make sure he put on the right amount of weight. She didn't get him to a doctor. This could have been stopped. This didn't have to happen and that baby could have lived. But she didn't get medical care. She didn't take him to a free clinic. And that is an act in furtherance of injury to a child.
> . . . .
> Because she acted, withheld the food, because she failed to act by getting him to that doctor, to the hospital, she's guilty of felony murder.

And later, in final closing argument, the State argued:

> . . . [B]ut what she's charged with is withholding food, withholding hydration, withholding nutrition. Doing an act that's clearly dangerous to human life. And in so doing causing the death of him.
> . . . .
> . . . [T]he act of withholding sufficient nutrition, hydration, killed the child, made him die. . . . This is about her act in committing injury to a child that then led to the death of the child. That's what felony murder is.

4

to differentiate appellant's conduct or characterize it as an "act," all of the alleged conduct—starving a child, withholding sufficient nutrition and liquids necessary to maintain life, failing to ensure that a child ingests sufficient nutrition and fluids, and failing to obtain necessary medical care—are instances of *failing* to act or take some action. A failure to act is an omission. *Id.* § 1.07(a)(34) ("'Omission' means failure to act."). An "act" involves an affirmative action on the part of a person, while an "omission" involves a forgoing of action. Appellant's conduct as alleged in the indictment—and proved at trial—involved omissions, not acts.[2]

The offense of injury to a child can be used as the predicate felony offense for felony murder. *Contreras*, 312 S.W.3d at 584 (citing *Johnson*, 4 S.W.3d at 258); *see Hopper v. State*, No. 03-03-00508-CR, 2004 WL 2108665, at *6 (Tex. App.—Austin Sept. 23, 2004, pet. ref'd) (mem. op., not designated for publication). Further, it is possible for injury to a child to be committed "by omission." *See* Tex. Penal Code § 22.04(a); *see also Villanueva v. State*,

---

[2] The jury charge did not contain the Penal Code definition of either "act" or "omission." The trial court is obligated to charge the jury on the "law applicable to the case." Tex. Code Crim. Proc. art. 36.14; *Murphy v. State*, 44 S.W.3d 656, 661 (Tex. App.—Austin 2001, no pet.). Thus, the trial court must instruct the jury on each element of the offense charged and each statutory definition that affects the meaning of an element of the offense. *Harkins v. State*, 268 S.W.3d 740, 742 (Tex. App.—Fort Worth 2008, pet. ref'd); *Murphy*, 44 S.W.3d at 661. If a phrase, term, or word that the jury must use to properly resolve the issues is statutorily defined, the trial court must submit the statutory definition to the jury. *Arline v. State*, 721 S.W.2d 348, 352 n.4 (Tex. Crim. App. 1986); *Harkins*, 268 S.W.3d at 742–43; *Murphy*, 44 S.W.3d at 661.

Here, the trial court did not submit the relevant definitions. Nevertheless, under Texas law, we measure the sufficiency of the evidence by the elements of the offense as defined in a hypothetically correct jury charge. *Cada v. State*, 334 S.W.3d 766, 773 (Tex. Crim. App. 2011); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (quoting *Malik*, 953 S.W.2d at 240).

227 S.W.3d 744, 747 (Tex. Crim. App. 2007) (reaffirming that terms "by act" or "by omission" constitute alternative means of committing injury to child).  In addition, starving a child and failing to obtain necessary medical care can support a conviction for the offense of injury to a child.  *See, e.g.*, *Baldwin v. State*, 264 S.W.3d 237, 243 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd) (evidence was sufficient to permit jury to reasonably infer that children suffered serious bodily injury because appellant intentionally and knowingly failed to provide adequate nutrition and medical care); *see also Rosales v. State*, 932 S.W.2d 530, 535 (Tex. App.—Tyler 1995, pet. ref'd); *Hill v. State*, 881 S.W.2d 897, 900–01 (Tex. App.—Fort Worth 1994), *aff'd*, 913 S.W.2d 581 (Tex. Crim. App. 1996).  But the issue here is whether conduct constituting an "omission"—a "failure to act"—can also be conduct constituting "an *act* clearly dangerous to human life."[3]

Relying on the language of the felony-murder statute, the majority rejects appellant's contention that felony injury to a child "by omission" cannot support the offense of felony murder.  ___ S.W.3d at ___, Slip. op. at 8.  I agree with the majority's conclusion that the plain language of section 19.02(b)(3) does not necessarily exclude injury to a child "by omission" as an underlying felony for a felony-murder prosecution.  *See, e.g.*, *Lomax*, 233 S.W.3d at 309 ("The plain language of Section 19.02(b)(3) also does not exclude felony DWI as an underlying felony for a felony-murder prosecution, and we must understand the Legislature to have meant what the plain language of Section 19.02(b)(3) expresses.").  I further reject appellant's contention because while the same felonious conduct *can* support both the underlying felony and the act clearly dangerous to human

---

[3] The Penal Code defines the term "conduct" to include "an act or omission."  Tex. Penal Code § 1.07(a)(10).

6

life, it does not have to. After all, while an omission is, by definition, a failure to act, that does not mean that a defendant charged with an omission may not also engage in some type of act during the course of that omission.[4] There can be proof of an additional dangerous act beyond the felonious act (or omission) of the underlying felony. Thus, like the majority, I reject appellant's contention that felony murder cannot be predicated on the felony offense of injury to a child "by omission" *per se*. Rather, when injury to a child "by omission" is the underlying felony offense alleged for felony murder, the specific facts of the case must determine whether the evidence is sufficient to demonstrate both (1) the omission causing the injury to the child, and (2) the requisite act clearly dangerous to human life causing death. That being said, though I believe that injury to a child "by omission" can, when accompanied by an additional dangerous act, support the offense of felony murder, it does not do so in this case.

As the majority notes, the evidence at trial demonstrated that Deon starved to death over a period of time and that he died as a result of malnutrition and dehydration. ___ S.W.3d at ___, Slip op. at 8. The majority then concludes that "[t]he jury could have reasonably inferred from this evidence that [appellant] committed acts—such as continuously feeding her son far less than he needed—in starving her son that were 'clearly dangerous to human life.'" ___ S.W.3d at ___, Slip op. at 8–9. I cannot agree with that conclusion.

---

[4] For example, in *Hill v. State*, an injury-to-a-child case, the appellants physically restrained their son, chaining him up, in order to deny him food. *Hill v. State*, 881 S.W.2d 897, 902–03 (Tex. App.—Fort Worth 1994), *aff'd*, 913 S.W.2d 581 (Tex. Crim. App. 1996). The Fort Worth Court of Appeals noted that the State proved that the appellants "acted" in restraining their child and also that the appellants "failed to act" by not providing adequate nourishment. *Id*.

7

The felony-murder statute requires not merely an "act" but an act that is "clearly dangerous to human life" and, more importantly, an act clearly dangerous to human life "that causes the death of an individual." *See Lawson v. State*, 64 S.W.3d 396, 399 (Tex. Crim. App. 2001) (Cochran, J., concurring) (to prove felony murder, State must prove "that the specific actor, under the specifically articulated circumstances, committed some act that was clearly dangerous to human life and, further, that that dangerous act caused the death of the victim"); Tex. Penal Code § 19.02(b)(3). I cannot conclude, as the majority does, that appellant's conduct, as shown by the evidence at trial, constituted an "act clearly dangerous to human life" as "act" is defined by the Penal Code. The definitions contained in section 1.07 of the Penal Code apply to Penal Code offenses, and we are not free to ignore the statutory definitions and substitute our own. *See Hines v. State*, 906 S.W.2d 518, 520 (Tex. Crim. App. 1995) ("[W]e are bound to construe Penal Code provisions in light of definitions in the Penal Code itself."); *see also* Tex. Penal Code § 1.05; Tex. Gov't Code § 311.011(b). Consequently, for conduct to be an "act clearly dangerous to human life" under section 19.02(b)(3), it must first be an "act" as defined by section 1.07(a)(1), which explicitly states that "[i]n this code . . . '[a]ct' means a bodily movement, whether voluntary or involuntary[.]" Tex. Penal Code § 1.07(a)(1). "Clearly dangerous to human life" describes the type of act required, but it does not dispense with the requirement that there be an "act" under section 1.07(a)(1), nor does it modify the statutory definition to eliminate "bodily movement." Accordingly, I do not believe that an "omission" that does not involve any associated "act," i.e., "a bodily movement," can serve as an "act clearly dangerous to human life" under section 19.02(b)(3).

Further, the dangerous act must *cause* the death of the victim. *See Lawson*, 64 S.W.3d at 399–400 (Cochran, J., concurring) ("Not only must the defendant commit an act that is clearly dangerous to human life, it must also be that specific act which causes the victim's death. The State must prove that *but for* the dangerous act, the deceased would not have died." (Emphasis in original.)) Thus, under the felony-murder statute and applicable Penal Code definitions, felony murder requires "a bodily movement" that (1) is "clearly dangerous to human life," (2) "causes the death of an individual," and (3) occurs in connection with some felony (other than manslaughter or a lesser-included offense of manslaughter). *See, e.g.*, *Hines*, 906 S.W.2d at 520 (plugging definition of "another" from Penal Code section 1.07(a)(4) into section 21.07 when conducting statutory interpretation of public lewdness statute).

Here, malnutrition and dehydration caused Deon's death. These conditions were caused by appellant's *failure* to act, i.e., *not* providing adequate nutrition to the child and *not* obtaining medical care for him. The evidence does not reflect any "act" associated with these "omissions." The majority construes "continuously feeding her son far less than he needed" as an "act." I disagree, but even so, the "act" of feeding any amount of food could not itself have *caused* Deon's death. In fact, the opposite is true. Any amount of food fed to Deon would have provided some nutrition and staved off malnutrition and dehydration, not caused these conditions. Thus, even if one construed feeding too little to be an "act," as the majority does, it was not an act that caused death, but rather one that prolonged life.[5]

---

[5] The State's medical expert, a pediatrician specializing in child abuse, testified that the wasting away of the body from malnutrition "progresses over time . . . and depends a little bit on how much the child is being fed. If he's absolutely not fed at all, it will happen more rapidly. If he's

Juries are permitted to draw reasonable inferences from the evidence, but they are not permitted to draw conclusions based on speculation. *Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007). An inference is a conclusion reached by considering other facts and deducing a logical consequence from them. *Id.* at 16. Speculation is mere theorizing or guessing about the possible meaning of facts and evidence presented. *Id.* A conclusion reached by speculation may not be completely unreasonable, but it is not sufficiently based on facts or evidence. *Id.* Here, although the jury was free to make inferences from the evidence presented, neither the evidence at trial nor reasonable inferences therefrom support the conclusion that appellant committed an "act clearly dangerous to human life" that caused her son's death. There is simply no evidence in the record before us that in the course of starving or medically neglecting her son, appellant engaged in any type of affirmative bodily movement that caused Deon's death. Nor is there any evidence from which a jury could reasonably make this inference. The majority's conclusion to the contrary is based on speculation rather than facts or evidence.

Although the evidence established that appellant's *omissions* caused Deon's death, the evidence does not show that she committed any *act* at all, let alone an "act clearly dangerous to human life" that caused his death. Consequently, the evidence fails to establish an essential element of the charged offense of felony murder—that appellant committed an act clearly dangerous to human life that caused her son's death.[6]

_____

fed small amounts but not adequate amounts, it will happen over a prolonged — more prolonged period of time."

[6] The State did not have to charge appellant as it did. It could have charged her with murder under section 19.02(b)(2), which does not require proof of an "act" but only of causing the death. *See* Tex. Penal Code §§ 19.02(b)(2) ("A person commits an offense if he . . . knowingly causes the

## CONCLUSION

Felony murder under section 19.02(b)(3) requires proof of an *act* clearly dangerous to human life—not *conduct* clearly dangerous to human life or an *omission* clearly dangerous to human life—that caused the death of an individual. Without evidence showing an "act" or, more specifically, "an act clearly dangerous to human life" that caused Deon's death, the evidence in this case, as a matter of law, cannot support a conviction for felony murder. I am therefore compelled to find that the evidence is legally insufficient to support appellant's conviction for felony murder. Accordingly, I would sustain appellant's sufficiency challenge. Because the majority does not, I respectfully dissent.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Goodwin and Field

Filed: July 31, 2013

Publish

---

death of an individual[.]"); 6.03(b) ("A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.") Or the State could simply have charged her with injury to a child by omission. *See id.* § 22.04(a), (b)(1). "Knowingly" causing "serious bodily injury" to a child is a first degree felony, which carries the same punishment range as felony murder. *See id.* §§ 19.02(c); 22.04(a)(1), (e).

11