Roy Dean GIVENS, Jr., Appellant,

v.

The STATE of Texas, State.

No. 2–96–109–CR.

Court of Appeals of Texas,
Fort Worth.

July 3, 1997.

H.G. Rick Hagen, Denton, for Appellant.

Bruce Isaacks, Criminal District Attorney, Yolanda M. Joosten, Phillip Reynolds, Assistant District Attorneys, Denton, Robert Huttash, State Prosecuting Attorney, Austin, for Appellee.

Before DAY, LIVINGSTON and RICHARDS, JJ.

## OPINION

RICHARDS, Justice.

This is an appeal from a conviction for the offense of possession of marihuana. Appellant challenges the trial court's decision overruling his motion to suppress evidence.[1]

---

1. Appellant presents four points of error arguing that the trial court erred in denying his motion to suppress the marihuana found in his car: (1) in violation of article I, section 9 of the Texas Constitution; (2) in violation of article 38.23 of the Code of Criminal Procedure; (3) because the State failed to meet its burden of establishing the reasonableness of appellant's arrest; and (4) be-

The subject of the suppression motion was the marihuana found in appellant's vehicle. The marihuana was discovered during a search incident to appellant's arrest for driving without a license The question presented is whether the State is required to prove at a suppression hearing that a motorist's drivers license was, in fact, suspended where the motorist presents an otherwise valid state drivers' license during a routine traffic stop, but is arrested for the offense of driving without a license after a computer check indicates his license was suspended.

A summary of the pertinent facts is necessary. Appellant and a passenger were traveling northbound on Interstate Highway I–35 near the city of Denton when Texas Department of Public Safety Trooper Jeffrey Corzine saw appellant's Toyota following too close to another vehicle. A traffic stop ensued. During a routine run of the appellant's driver's license, Trooper Corzine discovered that the computer showed appellant's license was currently under suspension. Appellant was thereafter arrested for driving without a license.[2] During a search incident to the arrest, a small quantity of marihuana was discovered in the vehicle. Ultimately, appellant was prosecuted for the offense of possession of marihuana. Appellant filed a motion to suppress the results of the search in the trial court, which was denied following a hearing.

During cross-examination by the defense at the suppression hearing, Trooper Corzine testified, "I do not have [with me] the returns from the driver's license computer that day." On appeal, appellant argues that absent extrinsic proof of the driver's license suspension, the State could not show the requisite probable cause required to uphold appellant's warrantless arrest. Appellant then argues that lacking probable cause for

the arrest, the fruit of the search incident to the arrest—the marihuana—should have been suppressed under article 38.23 of the Texas Code of Criminal Procedure, which requires the exclusion of evidence obtained in violation of our state and federal constitutions.

Appellant argues his state constitutional rights were violated when Trooper Corzine arrested him without a warrant.

Article 1, section 9 of the Texas Constitution provides:

> The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

TEX. CONST. art. I, § 9.

Appellant does not contend that the United States and Texas constitutions differ in any relevant respect, a fact conceded by his appellate counsel in the thoughtful oral argument presented in our court. Therefore, we will assume for the purposes of this opinion[3] that appellant's rights under the Texas Constitution are comparable to those secured by the United States Constitution, which guarantees:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

 Under the Fourth Amendment, a law enforcement officer may be justified in stop-

---

cause the State failed to meet its burden of establishing the reasonableness of the search of appellant's vehicle.

2. We attach no significance to Trooper Corzine's decision to arrest appellant for the offense of driving without a license rather than the greater offense of driving with license suspended. Appellant does not argue he was arrested for the wrong offense; his contention is only that the State was required to give proof of the license

suspension beyond that given in the on-the-scene computer information.

3. *See Narvaiz v. State*, 840 S.W.2d 415, 432 (Tex. Crim.App.1992) (state and federal constitutional protections deemed identical for purposes of appeal where appellant presents no separate argument showing why state constitutional protection differs from federal constitutional protection), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993).

ping and briefly detaining a person suspected of criminal activity with less information than is constitutionally required for probable cause to arrest. *See Terry v. Ohio*, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889, 906 (1968). The *"Terry"* stop in the instant case occurred when Trooper Corzine stopped and detained appellant after observing him commit a traffic offense. Appellant's complaint is not that the officer acted unreasonably in making the traffic stop, but rather that the warrantless arrest made by Trooper Corzine following the stop was illegal.

■ There is no question that a warrantless arrest without probable cause is illegal, and the lack of probable cause is not cured by the subsequent discovery of illegal contraband. *See Wilson v. State*, 621 S.W.2d 799, 804 (Tex.Crim.App.1981). However, a police officer may have probable cause for arrest if the totality of the circumstances within his knowledge are sufficient to warrant his reasonable belief that a crime has been committed. *See Woodward v. State*, 668 S.W.2d 337, 344–45 (Tex.Crim.App.1982) (op. on reh'g), *cert. denied*, 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985). Article 14.01(b) authorizes a warrantless arrest for an offense committed in an officer's presence or within his view. TEX.CODE CRIM. PROC. ANN. art. 14.01(b) (Vernon 1977). The burden of proof is on the State to prove the existence of probable cause to justify a warrantless arrest. *See Stull v. State*, 772 S.W.2d 449, 451 (Tex.Crim.App.1989). Probable cause is a flexible, common-sense standard. *See Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502, 514 (1983). The constitution protects against unreasonable seizures and arrests; however it does not guarantee that only the guilty will be arrested. *See Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 442 (1979). We must therefore determine whether Trooper Corzine acted reasonably, i.e., whether he acted with the requisite probable cause, when he arrested appellant for the offense of driving without a license. We do not determine whether there was sufficient evidence presented at the suppression hearing to *convict* appellant of that traffic offense.

■ Although the exact issue presented appears to be one of first impression, our review of the Court of Criminal Appeals' opinion in *Delk v. State*, 855 S.W.2d 700 (Tex.Crim.App.), *cert. denied*, 510 U.S. 982, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993), and similar cases from other jurisdictions, leads us to conclude the State is *not* required to offer extrinsic proof that a motorist's driver's license was, in fact, suspended, where the arresting officer testifies the arrest was made after a computer check indicated the motorist's driver's license was suspended.

■ The defendant in *Delk* was prosecuted for capital murder after a Louisiana police officer ran a computer check on the license plate of the car he was driving. *See Delk*, 855 S.W.2d at 709–10. The check on the National Crime Information Center (NCIC) computer indicated the car was stolen. In response to questioning, Mr. Delk stated that the car was under his control although it was owned by his sister. When he was asked for proof of ownership he produced a receipt for a Texas license plate sticker that was in the name of the deceased owner. A second check of the vehicle was performed based on the vehicle identification number. Once again, it showed the car was stolen and the owner was the victim of a murder. The Court of Criminal Appeals ruled that Mr. Delk's warrantless arrest was lawful and supported by probable cause given the information obtained in the NCIC reports. *See id.* We find *Delk* to be persuasive, although we acknowledge its precedential value is tempered by the fact that the defendant there contended only that the arresting officers exceeded the *"Terry"* temporary detention guidelines. He did not contend, as does appellant here, that the State should have offered extrinsic proof at the suppression hearing that the information provided in the computer check was accurate. We also recognize the arresting officer in *Delk* testified that the information on the NCIC computer report led him to believe, based on his experience, that he could defensibly act in reliance on it. *See id.* at 711. We know from the present record that Trooper Corzine is a six year veteran of the Texas Department of Public Safety, but the

record is silent as to his experiences regarding the accuracy of computer generated driver's license reports, such as the Oklahoma report at issue here. Nevertheless, we believe his reliance on the fact that the computer showed appellant's Oklahoma drivers' license was under suspension provided probable cause for the arrest.

This rule finds support in other jurisdictions. For example, in California, in *Giannis v. City and County of San Francisco*, 78 Cal.App.3d 219, 144 Cal.Rptr. 145 (1978), the reviewing court held that a police officer reasonably relied on information from a police teletype where the information provided in the teletype was erroneous. *Id.*, 144 Cal. Rptr. at 148; *see also James v. United States*, 709 F.Supp. 257, 259 (D.D.C.1989) (probable cause for arrest justified where police officer reviews computer report indicating the motorist's drivers' license was suspended). And it has been uniformly held that where a motorist has been stopped by police pursuant to a proper *"Terry"* stop, the discovery the motorist was driving without a valid license provides probable cause for his arrest. *See United States v. Neu*, 879 F.2d 805, 807 (10th Cir.1989).

We conclude appellant's constitutional rights were not violated by his warrantless arrest. We also hold that no violation of our exclusionary statute, TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.1997), occurred, and that the State met its burden of establishing the reasonableness of appellant's arrest and thereby, the subsequent search incident to that arrest. Appellant's points of error are overruled, and the conviction is affirmed.