No. 04-97-00273-CR



James Michael WHITE,


Appellant



v.



The STATE of Texas,


Appellee



From the County Court at Law No. 4, Bexar County, Texas


Trial Court No. 627447


Honorable Sarah H. Garrahan Moulder, Judge Presiding



Opinion by: Sarah B. Duncan, Justice


Sitting: Phil Hardberger, Chief Justice

 Tom Rickhoff, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: January 20, 1999


AFFIRMED


 James Michael White appeals the trial court's order denying his motion to suppress evidence
of marijuana seized during White's arrest pursuant to a recalled warrant. White contends the trial
court erred in concluding the evidence was admissible under the good faith exception to the
exclusionary rule contained in article 38.23(b) of the Texas Code of Criminal Procedure because the
failure to remove the recalled warrant from the computer system resulted from an error by law
enforcement personnel, rather than a court clerk. See Arizona v. Evans, 514 U.S. 1 (1995). We
decline to engraft the Evans distinction between errors committed by law enforcement and those
committed by judicial personnel onto the plain language of article 38.23(b) and, as a result, affirm
the trial court's judgment.

Factual and Procedural Background


 A Bexar County deputy sheriff informed Officer Keith Whitehead of the San Antonio Police
Department there was a felony warrant out for the arrest of James Michael White, and Whitehead
used his mobile data terminal to access the information stored on the National Crime Information
Center (NCIC) computer. The NCIC computer showed an outstanding Harris County felony warrant
for White, so Whitehead and another officer proceeded to White's apartment complex where the
complex manager confirmed White's residence and gave Whitehead a key to White's apartment.

 Whitehead knocked on White's door twice but received no answer. Whitehead then heard
a commotion inside. Identifying himself as a police officer, Whitehead announced he had a felony
warrant and was coming inside. Still no one answered the door. Accordingly, using the key he had
been given, Whitehead opened the door to White's apartment. A woman standing in the living room
indicated White was in the bathroom. Whitehead thus knocked on the bathroom door and, receiving
no response, entered the bathroom and found White, exiting the shower. Whitehead then informed
White there was a felony warrant out for his arrest and arrested him. However, as he was leaving
White's apartment, Whitehead saw some marijuana in a frisbee on top of the TV in White's living
room. Whitehead thus advised White of his rights and asked if he had any more. White led
Whitehead to a cabinet drawer, in which there were several more marijuana cigarettes. Upon arriving
at the county jail, Whitehead again confirmed the outstanding felony warrant for White's arrest on
the NCIC computer.

 To decide whether to extradite White, a member of the Bexar County Sheriff's Department
called his counterpart in Harris County. During this conversation, it was learned the warrant had
been recalled, but this information had not yet been entered into the computer system. White thus
argued the evidence of marijuana was obtained as a result of a warrantless arrest and moved for its
suppression at his subsequent trial for possession of two ounces or less of marijuana.

 At the suppression hearing, Officer Whitehead testified substantially as set forth above, and
the trial court denied White's motion, finding Officer Whitehead entered White's apartment and
arrested him in good faith reliance on a warrant that had been verified on the computer. However,
because the State failed to produce the recalled warrant at the suppression hearing, White asked the
trial court to reconsider its ruling. At the hearing on this motion, the State tendered, and the trial
court admitted, certified copies of the warrant and the supporting probable cause affidavit. The trial
court then denied White's motion, and he pled guilty to the possession charge pursuant to a plea
bargain agreement. In accordance with the agreement, the trial court later deferred adjudication,
placed White on six months community supervision, and fined him $100.

Discussion


 White contends the trial court reversibly erred in denying his motion to suppress because (1)
the State failed to produce the warrant at the suppression hearing, and (2) suppression was mandated
by the exclusionary rule contained in article 38.23(a) of the Texas Code of Criminal Procedure and
not rendered admissible by the good faith exception contained in article 38.23(b). We disagree.


Standard of Review


 Because the facts surrounding White's arrest and the seizure of the marijuana are undisputed,
we review the trial court's ruling de novo. Loserth v. State, 963 S.W.2d 770, 771 (Tex. Crim. App.
1998).

Failure to Produce Warrant at Suppression Hearing


 In his first point of error, White contends the trial court erred in denying his motion to
suppress because the State failed to produce the recalled warrant at the suppression hearing and, as
a result, failed to establish the warrant was supported by probable cause and signed by a neutral
magistrate. See, e.g., Miller v. State, 736 S.W.2d 643, 648 (Tex. Crim. App. 1987) (holding the
burden is on the State to produce the warrant at the suppression hearing). However, as the State
points out, the trial court's admission of the warrant and the supporting cause affidavit into evidence
at the subsequent hearing on White's motion to reconsider renders this error, if any, harmless beyond
a reasonable doubt even if the error were subject to the harm analysis mandated by Rule 44.2(a),
Tex. R. App. P. We therefore overrule White's first point of error.

Good Faith


 In his second point of error, White argues the trial court erred in concluding the evidence of
marijuana was admissible under the good faith exception contained in article 38.23(b) because the
good faith exception does not apply to errors committed by law enforcement personnel. We again
disagree.

 Article 38.23(a) of the Texas Code of Criminal Procedure excludes "evidence obtained by
an officer or other person in violation of any provisions of the Constitution or laws of the State of
Texas, or of the Constitution or laws of the United States of America." Tex. Code Crim. Proc. Ann.
art. § 738.23(a) (Vernon 1979). Because article 38.23(a) is intended "to deter unlawful conduct on
the part of law enforcement personnel," Brick v. State, 738 S.W.2d 676, 679 n.5 (Tex. Crim. App.
1987), article 38.23(b) excepts from operation of the article 38.23(a) exclusionary rule evidence
"obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued
by a neutral magistrate based on probable cause." Tex. Code Crim. Proc. Ann. art. 38.23(b)
(Vernon 1979). For purposes of article 38.23(b), a warrant is "issued" if a neutral magistrate finds
probable cause to issue the warrant and signs the accompanying affidavit. Dunn v. State, 951 S.W.2d
478, 479 (Tex. Crim. App. 1997).

 Here, the undisputed evidence introduced at the hearings on White's motions establishes (1) a
magistrate found probable cause to arrest White, signed the accompanying affidavit, and issued a
warrant for White's arrest, (2) Officer Whitehead confirmed the warrant was outstanding on his
mobile data terminal link to the NCIC computer before entering White's apartment, and (3) Officer
Whitehead relied upon the record of the warrant in the NCIC computer in entering White's
apartment and arresting him. And there is no evidence or reasonable inference calling into question
either the magistrate's presumed neutrality or the presumed merit of his probable cause finding. We
therefore hold the trial court properly found Whitehead acted in objective good faith reliance upon
a warrant issued by a neutral magistrate based upon probable cause and, as a result, the evidence of
marijuana was admissible under the good faith exception to the exclusionary rule contained in article
38.23(b).

 To support his argument to the contrary, White relies upon Arizona v. Evans, 514 U.S. 1
(1995), and the opinion on remand in State v. Mayorga, 938 S.W.2d 81 (Tex. App.--Dallas 1996,
no pet.). However, neither case interprets the good faith exception to the exclusionary rule contained
in article 38.23(b).

 Evans was arrested during a routine traffic stop after a police computer showed an
outstanding warrant for his arrest. Evans, 514 U.S. at 4. During the ensuing search of Evans' car,
the police found marijuana, and Evans was charged with possession of an illegal substance. Id. The
police later discovered the warrant for Evans' arrest had been quashed but a court clerk had failed
to enter this information in the computer. Id. at 4-5. Evans therefore argued the evidence of
marijuana was obtained as a result of an illegal arrest and moved to suppress it. Id. at 5. The
Supreme Court held the "severe sanction" of exclusion was not warranted because the arresting
officer acted in an objectively reasonable manner in relying upon the police computer record, and
the erroneous record was the result of a clerical error by a court employee; therefore, exclusion
would not appreciably deter similar errors in the future. Id. at 14-16.

 Whether an analysis similar to that employed in Evans applies to errors by law enforcement
personnel is unsettled. The Evans Court expressly declined to address the issue because it was not
adequately presented by the record. Id. at 16 n.5. Arguably, this issue was presented in Mayorga
because Haydee Mayorga was arrested as a result of erroneous information supplied by a police
dispatcher. Mayorga, 938 S.W.2d at 83. However, the applicability of the Evans exception issue was
rendered immaterial by the Dallas Court of Appeals' holding that neither the federal nor the state
exclusionary rule applied. See State v. Mayorga, 876 S.W.2d 176, 178 (Tex. App.--Dallas 1994).
Because the exclusionary rule did not apply, the court was not required to determine the breadth of
the Evans exception. Nonetheless, the Texas Court of Criminal Appeals remanded the case with
instructions for the court of appeals to reconsider its decision in light of Evans. State v. Mayorga,
901 S.W.2d 943, 946 (Tex. Crim. App. 1995). In compliance with the remand order, the Dallas
Court of Appeals considered the Evans exception and concluded it did not apply to a mistake made
by a police dispatcher, rather than a court employee. Mayorga, 938 S.W.2d at 83-84. However, as
the court expressly recognized, its Evans analysis was immaterial in light of its holding that neither
the federal nor the state exclusionary rule even applied to the evidence Mayorga sought to suppress.
Id. at 84.

 As these summaries illustrate, neither Evans nor Mayorga holds the judicially-created federal
good faith exception does not apply to law enforcement personnel errors; the issue was expressly
reserved in Evans and discussed in Mayorga only in self-proclaimed dicta. Nor does either opinion
construe the good faith exception contained in article 38.23(b). As a result, neither Evans nor
Mayorga considers the primary rule guiding the construction of Texas criminal statutes--to "focus
on the plain language of the text" as "the foremost indication of legislative intent." Hines v. State,
906 S.W.2d 518, 520 (Tex. Crim. App. 1995). We do so here and, as a result, decline to engraft the
Evans distinction onto the plain language of article 38.23(b). Cf. Givens v. State, 949 S.W.2d 449,
451-52 (Tex. App.--Fort Worth 1997, pet. ref'd) (holding the State met its burden to establish
probable cause and admissibility under article 38.23 by proving the arresting officer relied upon a
computer check showing the defendant's license was suspended). We therefore overrule White's
second point of error.

Conclusion


 The undisputed evidence introduced at the hearings on White's motions establishes the
evidence he seeks to suppress is rendered admissible by the plain and unambiguous language of the
good faith exception to the exclusionary rule contained in article 38.23(b) of the Texas Code of
Criminal Procedure. We therefore overrule White's points of error and affirm the trial court's
judgment.

 Sarah B. Duncan, Justice


Publish


Return to
4th Court of Appeals Opinions