NO. 07-00-0320-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 29, 2001

______________________________

SHERMAN DENNIS IRONS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 100
TH
 DISTRICT COURT OF HALL COUNTY;

NO. 3014; HONORABLE DAVID M. McCOY, JUDGE

_______________________________

Before BOYD, C.J., and QUINN and REAVIS, JJ.

Following a plea of not guilty, a jury convicted appellant Sherman Dennis Irons of driving while intoxicated and sentenced him to 10 years confinement and assessed a $4,000 fine.
(footnote: 1)  By nine points of error, appellant contends that (1) the trial court committed reversible error in denying his motion to suppress the audio and video tape and breath test results because it denied his Sixth Amendment rights to meaningful cross-examination and effective representation in that the exculpatory part of the tape was not preserved, (2) he was denied due process as guaranteed him under the Fourteenth Amendment of the United States Constitution because the trial court denied his motion to suppress the audio and video tape and breath test results, (3) he was denied due process under the Texas Constitution when the trial court denied his motion to suppress the audio and video tape and the breath test, (4) the trial court committed reversible error in denying his motion to suppress the audio and video tape and the breath test by denying his rights to meaningful cross-examination and effective representation as guaranteed by the Texas Constitution, (5) there was no evidence that probable cause existed to stop him prior to his arrest and it was reversible error to admit evidence obtained after the stop, (6) there was insufficient evidence that probable cause existed to stop him prior to his arrest and it was reversible error to admit evidence obtained after the stop, (7) there was insufficient evidence that he operated a motor vehicle while intoxicated, (8) there was no evidence that he operated a motor vehicle while intoxicated, and (9) his motion for directed verdict should have been granted because the State failed to prove one of the essential jurisdictional allegations.  Based upon the rationale expressed herein, we affirm.

Shortly after 10:00 p.m on July 11, 1997, appellant was stopped by a Department of Public Safety (DPS) trooper for a seat belt violation.  According to the trooper, he  observed appellant traveling slowly in front of him and noticed the buckle to the driver’s side seat belt hanging in the upright position, indicating that appellant was not wearing his seat belt.  The trooper activated his emergency lights, and in turn, the video camera on his patrol car.  While the trooper was talking to appellant, he smelled alcohol and noticed empty and full containers of alcoholic beverages on the floor of appellant’s car.  The trooper then took appellant to the police station where a breathalyser test was administered.  After the test appellant was charged with driving while intoxicated.  Before trial, one copy of the original video tape was sent to the prosecution and appellant’s counsel; however, the beginning of the video was inadvertently omitted from the copies sent to counsel.  By the time of trial, the original tape had been accidently reused by the DPS, and because the copies sent to counsel were incomplete, a complete video tape of the arrest was not available.  Appellant moved to suppress the introduction of the incomplete video tape of his arrest because the first part of the tape from the time the trooper activated his emergency lights and video camera until appellant stepped out of the car had been reused. 

By his first four points of error, appellant contends that the trial court erred in denying his motion to suppress the video tape because it denied him his right to meaningful cross-examination and effective representation under the United States and Texas Constitutions.  We disagree.  Because a point on appeal must correspond to the objection in the trial court, Butler v. State, 872 S.W.2d 227, 236 (Tex.Cr.App. 1994), we first review appellant’s motion in the trial court: 

Defendant respectfully moves that the Court order suppressed and not used as evidence the video tape, because of failure of State to provide original video tape that was made of Breath Test Procedure.

 However, appellant does not contend that the State introduced any video and based on  our review of the record, the State did not introduce any video tape into evidence during the trial.  Accordingly, the points of error are moot and present nothing for review.  

Further, notwithstanding appellant’s argument that his cross-examination of the trooper was impaired, appellant does not identify any portion of the record demonstrating that the trial judge restricted his cross-examination of the trooper.  Also, appellant introduced a copy of the video tape, less the first portion which had been erased, and used it in his cross-examination of the trooper.  However, because the video camera had not been turned on when the trooper first observed the disengaged seat belt, the tape would not show the scene at the time the trooper decided to make the stop.  Moreover, the doctrine of invited error bars any complaint by appellant that the incomplete tape was viewed by the jury.  Prystash v. State, 3 S.W.3d 522, 531 (Tex.Cr.App. 1999).  Accordingly, points one, two, three and four are overruled.

Before we consider points five, six, seven, and eight, we first set out the appropriate standards of review for reviewing no evidence and factual sufficiency questions.

 Standard of Review

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict.  Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense.  U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2001); Tex. Pen. Code Ann. § 2.01 (Vernon 1994).  In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W. 2d 154, 157 (Tex.Cr.App. 1991), 
overruled on other grounds
, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000).  As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence.  Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).  After conducting a legal sufficiency review under 
Jackson
, we may proceed with a factual sufficiency review.  In conducting a factual sufficiency review, the Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder’s determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); 
see also
 King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000).  Accordingly, we will reverse the fact finders determination only if a manifest injustice has occurred.  
Johnson
, 23 S.W.3d at 12.  In conducting this analysis, we may disagree with the jury’s determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder.  
See
 Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).  Moreover, the fact finder is the judge of the credibility of the witnesses and the weight to be given their testimony and may resolve or reconcile conflicts in the testimony, accepting or rejecting such portions thereof as it sees fit.  Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App. --Amarillo 1997, pet. ref'd).

By points five and six, appellant contends that there was no evidence or insufficient evidence that probable cause existed to stop appellant and therefore, that the trial court erred in admitting evidence after the stop.  We disagree.  Appellant does not direct our attention to any portion of the reporter’s record which he claims demonstrates the absence or insufficiency of the evidence.  According to the testimony of the DPS trooper, while he was on patrol in his marked patrol car, he observed a vehicle driving slowly on Brice Street in Hall County.  As he was turning to reposition his patrol car, the headlight from the patrol car illuminated the vehicle operated by appellant thereby enabling the trooper to determine that the seat belt buckle on the driver’s side of the car was not engaged.  Appellant does not direct our attention to any portion of the trooper’s testimony which demonstrates the absence or insufficiency of the evidence.  Instead, by his argument, appellant focuses his discussion to the claim that his cross-examination was impaired, or the failure to furnish exculpatory evidence.  However, we conclude that the totality of the circumstances within the knowledge of the trooper was sufficient to warrant his reasonable belief that an offense had been committed.   Givens v. State, 949 S.W.2d 449, 451 (Tex. App.--Fort Worth 1997, pet. ref’d).

Although appellant’s argument does not address the evidence point, appellant contends that his cross-examination of the trooper was impaired because the video tape was partially erased.  However, according to the trooper’s testimony, he did not activate the video camera until he had already determined that the seat belt was not engaged, and his patrol car was in a different position in relation to the appellant’s vehicle.  Therefore, no prejudice resulted because the erased portion would not have shown the scene before the video was activated.  Moreover, because the decision to admit or exclude evidence is committed to the discretion of the trial court, Mozon v. State, 991 S.W.2d 841, 846 (Tex.Cr.App. 1999), the trial court did not error in admitting the trooper’s testimony.   Points five and six are overruled.

By his seventh and eighth points, appellant contends that there was no evidence and alternatively insufficient evidence that he operated a motor vehicle while intoxicated.  We disagree.

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove.  A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place.  Tex. Pen. Code Ann. § 49.04(a) (Vernon Supp. 2001).  The testimony of the DPS trooper established that appellant was driving a vehicle and his seat belt was not engaged, thereby providing the trooper with probable cause to stop appellant.  The trooper conducted field sobriety tests after he smelled a strong odor of alcohol.  When appellant failed the field tests, the trooper took him to the station and conducted a breathalyser test.  When the test was complete, over an hour later, appellant was still legally intoxicated.  We cannot say that a rational trier of fact could not find all the elements necessary to convict appellant of the offense and we will now determine if the evidence was factually sufficient.

By the testimony of the DPS trooper, the State established that appellant had open and closed containers of beer and that one container was spilling out onto the floor.  Additionally, appellant staggered when he got out of his vehicle and failed the field sobriety tests.  When combined with the strong odor of alcohol, we cannot say that a manifest injustice occurred by convicting appellant and we will not substitute our judgment for that of the jury in weighing the testimony of all the witnesses at trial.  We therefore overrule points seven and eight.

By his ninth point, appellant contends that the trial court erred in denying his motion for directed verdict because the State failed to prove an essential jurisdictional allegation.  We disagree.  In order to show the enhancement necessary for felony driving while intoxicated, the State must prove by independent evidence that the defendant is the same person previously convicted even if the name on the previous judgment is the same.  Griffin v. State, 866 S.W.2d 754, 756 (Tex.App.--Tyler 1993, no pet.).  Here, appellant was tied to the prior convictions by fingerprint testimony and by the previous judgments admitted into evidence.  The prior convictions were as follows: cause number 2876 in the District Court of Hall County for an offense dated August 8, 1993; and, cause number 2774 in the District Court of Hall County for an offense dated September 15, 1990. The State met its burden and proved all the requisite jurisdictional elements.  We therefore overrule appellant’s ninth point of error.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis

     Justice

Do not publish.

FOOTNOTES
1:
On  April 25, 2001, we abated the appeal and remanded the cause for a hearing to determine the whereabouts of a missing video tape introduced as an exhibit by appellant.  According to findings by the trial court, a true copy of the missing exhibit was obtained.  The replacement tape found by the trial court to be the same as the tape admitted into evidence upon appellant’s introduction has been provided to the Court.