PD-0751-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/31/2015 3:50:45 PM
Accepted 7/31/2015 4:23:25 PM
ABEL ACOSTA
CLERK

NO. PD-0751-15

IN THE

# COURT OF CRIMINAL APPEALS

## OF TEXAS

---

## MIGUEL RAMIREZ, Appellant

## v.

## THE STATE OF TEXAS, Appellee

---

# APPELLANT'S
# PETITION FOR DISCRETIONARY REVIEW

---

**No. 02-14-00386-CR**
**In the**
**Second District Court of Appeals at Fort Worth**

---

**On appeal from Cause Number CR-2013-01449-B**
**In County Criminal Court No. 2**
**of Denton County, Texas**
**Honorable Virgil Valenkamp, Judge Presiding**

---

**ROBERTO R. ALONZO**
**ALONZO LAW FIRM, P.C.**
**Attorneys at Law**
**400 South Zang Boulevard, Suite 810**
**Dallas, Texas 75208**
**Tel. (214) 941-8200**
**Fax (214) 941-8228**
**Email: alonzopc2003@yahoo.com**

**Attorney for Appellant**

FILED IN
COURT OF CRIMINAL APPEALS

July 31, 2015

ABEL ACOSTA, CLERK

**APPELLANT RESPECTFULLY REQUESTS ORAL ARGUMENT**

1

IDENTITIES OF JUDGE, PARTIES AND COUNSEL

Pursuant to the provisions of Rule 68.4(a), Texas Rules of Appellate Procedure, a

complete list of the names of the trial judge, all parties and counsel are as follows:

| | |
|---|---|
| Trial Judge: | Hon. Virgil Valenkamp, County Criminal Court No. 2, Denton County, Texas |
| Parties: | Miguel Ramirez, Appellant<br>State of Texas, Appellee |
| Attorneys for the Appellant: | Rick Coen, Trial Counsel<br>Cohen & Cohen<br>12830 Hillcrest Rd., Suite 111<br>Dallas, TX 75230 |
| | Roberto R. Alonzo., Counsel on appeal,<br>400 S. Zang Blvd., Ste 810<br>Dallas, TX 75208 |
| Attorneys for the State: | Hon. Paul Johnson<br>Criminal District Attorney<br>1450 E. McKinney St.<br>Denton, Denton County, TX  76202 |
| | Jesse Davis and Britney Tomberlin,<br>Asst. Criminal District Attorneys, Trial Counsel |
| | Catherine Luft, Asst. Criminal District Attorney,<br>State's Counsel on Appeal |

# TABLE OF CONTENTS

IDENTITY OF JUDGE, PARTIES, AND COUNSEL ................................................. 2

INDEX OF AUTHORITIES.......................................................................... 4

STATEMENT REGARDING ORAL ARGUMENT........................................ 5

STATEMENT OF THE CASE......................................................................... 6

STATEMENT OF PROCEDURAL HISTORY............................................. 7

QUESTION PRESENTED FOR REVIEW .................................................. 7

## *QUESTION PRESENTED FOR REVIEW*

**WHETHER THE COURT OF APPEALS APPLIED THE CORRECT LEGAL STANDARD REGARDING THE TRIAL COURT'S DENIAL OF THE REQUESTED JURY CHARGE INSTRUCTION PURSUANT TO ARTICLE 38.23, TEXAS RULES OF CRIMINAL PROCEDURE (3RR: 176).[1]**

ARGUMENT AND AUTHORITIES ……………………………………………... 7

PRAYER FOR RELIEF........................................................................... 11

CERTIFICATE OF SERVICE.................................................................. 12

CERTIFICATE OF COMPLIANCE ........................................................ 12

APPENDIX............................................................................................. 13

*Ramirez v. State,* **No. 02-14-00386-CR (Tex. App. – Fort Worth, delivered April 30, 2015) (Mem. Op.) (not designated for publication).**

---

[1] The Reporter's Record is cited as "RR" preceded by the volume number and followed by the page number; the Clerk's Record is cited as "CR" followed by the page number; Defendant's Exhibits are cited as "DX" followed by the exhibit number.

# INDEX OF AUTHORITIES

**PAGE**

**Cases**

*Akins v. State,* 202 S.W.3d 879 (Tex. App.—Fort Worth 2006, *pet. ref'd*).... 9

*Almanza v. State*, 686 S.W.2d 157 (Tex. Crim. App. 1985)…………...…… 8

*Givens v. State,* 949 S.W.2d 449 (Tex. App.—Fort Worth 1997, *pet. ref'd*).. 9

*Madden v. State*, 242 S.W.3d 504 (Tex. Crim. App. 2007) ........................... 9

*Ramirez v. State*, No. 02-14-00386-CR (Tex. App. – Fort Worth, delivered April 30, 2015) (Mem. Op.) (not designated for publication) ...................... 7

*Renteria v. State*, 206 S.W.3d 689 (Tex. Crim. App. 2006) .......................... 8

STATUTES AND RULES:

TEX. CODE CRIM. PRO. ART. 38.23(a) ............................................................. 7,9

TEX. CODE CRIM. PRO. ART. 14.01(a) .............................................................. 9

TEX. R. APP. PRO. 21.8(c) ................................................................................ 7

TEX. R. APP. PRO. 47.1 ................................................................................... 8,11

*STATEMENT REGARDING ORAL ARGUMENT*

The Second District Court of Appeals has not properly applied the legal standard for the inclusion of a jury instruction requested pursuant to Article 38.23 of the Texas Rules of Criminal Procedure and oral argument will help to develop the application of the law to the unique facts of this case.

**IN THE COURT OF CRIMINAL APPEALS**

**OF TEXAS**

**MIGUEL RAMIREZ, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

---

**APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

---

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS:**

**NOW COMES,** Miguel Ramirez, Appellant in this cause, by and through his attorney, Roberto R. Alonzo, and pursuant to the provision of Texas Rules of Appellate Procedure 66, *et seq*., urges this Court to grant discretionary review, and in support will show as follows:

### *STATEMENT OF THE CASE*

Appellant was charged by information for Driving While Intoxicated (CR: 6). A jury trial was held and Appellant's trial counsel entered a plea of not guilty on behalf of Appellant (2RR: 11). The jury returned a verdict of guilty as charged in the information (CR: 91) (3RR: 204). Appellant waived jury punishment and after a trial on punishment, the trial court sentenced Appellant to 120 days confinement but suspended the confinement and placed Appellant on community supervision for 16 months with a fine $600 (CR: 84) (3RR: 208).

Appellant timely filed his Notice of Appeal (CR: 102). Appellant also timely filed his Motion for New Trial; however, the motion was denied by operation of law (CR: 95, 98). *See*, Rule 21.8(c), TEX. R. APP. PRO.

### *STATEMENT OF PROCEDURAL HISTORY*

On April 30, 2015, The Second District Court of Appeals affirmed Appellant's conviction in its opinion in *Ramirez v. State*, No. 02-14-00386-CR, (Tex.App. – Fort Worth, delivered April 30, 2015) (Mem. Op.) (not designated for publication). No Motion for Rehearing was filed.

This Court granted Appellant's motion for extension of time to file his Petition for Discretionary Review by July 31, 2015. This petition is timely filed.

### *QUESTION PRESENTED FOR REVIEW*

**WHETHER THE COURT OF APPEALS APPLIED THE CORRECT LEGAL STANDARD REGARDING THE TRIAL COURT'S DENIAL OF THE REQUESTED JURY CHARGE INSTRUCTION PURSUANT TO ARTICLE 38.23, TEXAS RULES OF CRIMINAL PROCEDURE (3RR: 176).**

### ARGUMENT AND AUTHORITIES

The Court of Appeals opinion correctly sets out the facts in its opinion. *See, Ramirez v. State*, No. 02-14-00386-CR (Tex. App. – Fort Worth, delivered April 30, 2015) (Mem. Op.) (not designated for publication).

At the conclusion of the trial on the merits, Appellant requested an instruction be included in the jury charge regarding unlawfully obtained evidence due to the lack of probable cause for the arrest of Appellant (3RR: 166; DX - 1). *See*, TEX.CODE CRIM.PRO. ART. 38.23(a). The trial court denied the request (3RR: 176). Appellant asserted in the Court of Appeals below that he was harmed by the denial of this properly requested charge. *See*, *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App. 1985).

The Court of Appeals, citing only *Renteria v. State* as authority, concluded there was no factual dispute about how evidence was obtained in Appellant's case. Mem. Op. at 5; *see, Renteria v. State*, 206 S.W.3d 689, 704 (Tex. Crim. App. 2006). The Court of Appeals found there was no conflicting evidence regarding the odor of alcohol on Appellant, the traffic violation, the officer observed Appellant commit, or Appellant leaving his car in 'drive' after he was stopped. Mem. Op. at 4 – 5. However, Appellant's express complaint on appeal was that the arrest of Appellant was based upon the standard field sobriety tests (SFST) performed by Appellant and that the poor performance was due to the lack of instructions in English as Appellant is a Spanish speaker.

The Court of Appeals further states that a fact issue did not exist concerning the SFST language problem although the in-car video recording demonstrated the difficulty which Appellant had concerning understanding the officer's comments and instructions. Mem. Op. at 4; *and see*, State's Exhibit 4 (video). It was this dispute of whether Appellant could understand the officer's instructions in English that Appellant sought to have the jury decided. In its opinion, the Court of Appeals has failed to address the issue raised which was necessary for a final disposition of Appellant's appeal in accordance with Rule 47.1, Texas Rules of Appellate Procedure. TEX. R. APP. PRO. 47.1.

The proper legal standard regarding a 38.23 instruction that should have been applied in the Court of Appeals opinion is that Appellant was entitled such an instruction if (1) the evidence heard by the jury raised an issue of fact, (2) the evidence on the fact was affirmatively contested, and (3) the contested factual issue was material to the lawfulness of the conduct challenged. *See, Oursbourn v. State*, 259 S.W.3d 159, 177 (Tex. Crim. App. 2008); TEX. CODE CRIM. PRO. ART. 38.23. The Court of Appeals does not cite any authority regarding the legal standard applicable, but only cites *Renteria* for the proposition that no factual dispute existed. Mem. Op. at 5; *Renteria*, 206 S.W.3d at 704.

Appellant has a statutory right for a jury to be charged in accordance with Art. 38.23(a). *Madden v. State*, 242 S.W.3d 504, 510 (Tex. Crim. App. 2007). A Texas peace officer may arrest a person without a warrant for any offense committed in his presence or within his view. *See*, TEX.CODE CRIM.PRO. ART. 14.01(a). While the authority to arrest without a warrant in Texas is governed by statute, the warrantless arrest must meet the applicable probable cause requirement. *Akins v. State*, 202 S.W.3d 879, 888 (Tex. App.—Fort Worth 2006, *pet. ref'd*). The State has the burden to prove probable cause to arrest existed to justify a warrantless arrest. *Givens v. State,* 949 S.W.2d 449, 451 (Tex.App.—Fort Worth 1997, pet. ref'd).

At the charge conference in our case, the 38.23 instruction was requested orally and in writing by Appellant (3RR: 166; DX – 1). The trial court's charge submitted to the jury did not contain the requested 38.23 instruction (CR: 87—90).

Appellant urged the factual dispute at trial requiring the 38.23 instruction was that Appellant could not understand the English instructions for the Standard Field Sobriety Tests (SFSTs) as stated by the police officer at the scene of the DWI arrest so that the result of the SFSTs could not be relied upon to establish probable cause for a lawful arrest for DWI (3RR:

9

166—67). Appellant further urged that the police officer's testimony regarding intoxication and the evidence presented on the in-car video are in conflict regarding whether the Appellant could understand the English only instruction for the SFSTs (3RR: 171). *See*, State's Exhibit 4 (video).

The factual dispute complained of by Appellant under this issue is shown in the record, but the issue is not analyzed in the Court of Appeals' opinion. The police officer's testified that the three tests shown on the video were the standardized field sobriety testing used nationwide (3RR: 6). The instructions regarding the three tests were given in English; however, the video recording of the tests shows that Appellant could not understand English and so could not understand the instructions given by the officer. *See*, State's Exhibit 4 (video). The officer formed his opinion that Appellant was intoxicated for the arrest of DWI (3RR: 12—13). The officer used the SFSTs to as an aid to determine probable cause and whether to make the warrantless arrest (3RR: 13—15). The SFST test known as the horizontal gaze nystagmus was not used to determine probable cause to arrest since the Appellant did not follow instructions (3RR: 33). The officer admitted that understanding instructions for the walk and turn test and the one leg stand test require a basic understanding of English (3RR: 43—44). The one-leg test was actually performed in a way that the office had never seen before (3RR: 47). This was evidence the Appellant could not understand the English instructions given by the officer.

Appellant contested the evidence gained as a result of his illegal arrest which includes the blood test result (3RR: 120). Because Appellant was arrested without a warrant and without probable cause of the commission of a crime, the blood test evidence was illegally gained. The jury should have been allowed to determine the factual issue of whether Appellant could understand the instructions given for the SFSTs to determine if the officer met the definition of

probable cause for the warrantless arrest. The Court of Appeals has not applied the proper legal analysis regarding such disputed evidence.

## PRAYER FOR RELIEF

*WHEREFORE, PREMISES CONSIDERED,* Appellant prays that this Court grant discretionary review and remand this case to the Court of Appeals to address the issue raised by Appellant in accordance with Rule 47.1 of the Texas Rules of Appellate Procedure, or in the alternative, after full briefing on the merits, issue an opinion reversing the Court of Appeals' judgment and remand and for other proceedings consistent with this Court's opinion.

Respectfully submitted,

ALONZO LAW FIRM, P.C.
Attorneys at Law
400 S. Zang Blvd., Ste 810
Dallas, TX  75208
(214) 941-8200 office tel.
(214) 941-8228 fax

By: /Roberto R. Alonzo/
Roberto R. Alonzo
State Bar No. 01109700
Email: alonzopc2003@yahoo.com

ATTORNEY FOR APPELLANT

11

**CERTIFICATE OF SERVICE**

I certify the foregoing Petition for Discretionary Review was served upon the State of Texas by sending a true and correct copy to the Criminal District Attorney of Denton County and the State Prosecuting Attorney via U.S. Mail addressed to:  Hon. Paul Johnson, Criminal District Attorney, Attn: Appellate Section, P.O. Box 2344, Denton, TX  76202; Hon. Lisa C. McMinn, State Prosecuting Attorney, P.O. Box 13046, Austin, TX  78711-3046, on July 31, 2015.

/Roberto R. Alonzo/
_____
Roberto R. Alonzo
Attorney for Appellant

**CERTIFICATE OF COMPLIANCE**

In accordance with Rule 9.4(i) of the Texas Rules of Appellate Procedure, I certify that the total word count for the foregoing Petition for Discretionary Review is 1,485 words as shown by the word count function of the computer program, MS Word 2007, used to generate the document.

/Roberto R. Alonzo/
_____
Roberto R. Alonzo
Attorney for Appellant

---

**APPENDIX**

---

- *Miguel Ramirez v. State*, **No. 02-14-00386-CR (Tex. App. – Fort Worth, delivered April 30, 2015) (Mem. Op.) (not designated for publication).**



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00386-CR

MIGUEL RAMIREZ                                                    APPELLANT

V.

THE STATE OF TEXAS                                                     STATE

----------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
TRIAL COURT NO. CR-2013-01449-B

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Miguel Ramirez of driving while intoxicated (DWI). The trial court sentenced him to 120 days' confinement but suspended imposition of the sentence, placing him on community supervision for sixteen months. In his sole issue, Appellant contends that the trial court reversibly erred by denying his requested article 38.23(a) jury instruction. Because Appellant has

---

[1]*See* Tex. R. App. P. 47.4.

not raised a violation of any law in obtaining evidence of intoxication by the administration of standardized field sobriety tests in English, we affirm the trial court's judgment.

On January 12, 2013, at around 12:06 a.m., Highway Patrol Officer Jeremiah Hale pulled over Appellant after observing the vehicle that he was operating cross double, solid white lines separating the service road and exit ramp and then go back into its original lane. Hale approached the vehicle from the passenger side and could smell the odor of alcohol through the open window. While Appellant searched for his driver's license, Hale noticed that the gear shift was still in "drive," and he instructed Appellant to put his vehicle in "park." Hale asked Appellant to exit the vehicle several times, asking once in Spanish. Appellant exited the vehicle, and upon further inquiry, admitted to having had two beers that evening. Hale decided to administer field sobriety tests, beginning with the horizontal gaze nystagmus test. Hale terminated the test when Appellant did not follow the pen with his eye as instructed. Because Hale did not finish administering the test, he disregarded it.

Hale then administered the walk-and-turn test. Hale asked Appellant if he understood the instructions, and Appellant stated that he did. Appellant displayed seven out of eight possible clues of intoxication. Next, Hale administered the one-leg-stand test. Appellant confirmed that he understood Hale's instructions, but instead of holding his foot out as instructed, Appellant placed his foot out, counted to four, put his foot back down, took a step, and

2

repeated the sequence. Based on Appellant's performance on the field sobriety tests, Hale arrested him for DWI.

Appellant consented to giving a blood sample and was transported to Denton Regional Medical Center for a blood draw. The analysis of Appellant's blood alcohol concentration showed 0.131 grams of alcohol per 100 milliliters of blood. The results of the analysis were admitted into evidence at trial. After the close of evidence, Appellant requested an article 38.23(a) instruction in the jury charge on whether there was probable cause to arrest him. Appellant's counsel asserted that there was a fact issue as to whether there was a language barrier between Appellant and Hale. The request was denied.

In his sole issue, Appellant argues that the trial court erred by denying his requested jury charge instruction pursuant to article 38.23(a) of the Texas Code of Criminal Procedure. He requested the jury instruction because the field sobriety tests were administered in English, and he alleged that there might have been a language problem. Appellant argues on appeal that his poor performance on the standardized field sobriety tests could have resulted from a language barrier rather than intoxication.

Appellant appears to suggest that the blood test was improperly obtained because it was the fruit of the arrest that may have been based on a language barrier rather than on probable cause. Yet Appellant filed no motion to suppress and did not object based on any language barriers to the admission of the blood test results or to testimony about his poor performance on the field sobriety tests.

3

Article 38.23 provides, in pertinent part,

> No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

> In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.[2]

For a defendant to be entitled to the instruction, the evidence must raise an issue whether the evidence was obtained in violation of a provision of the Constitution or laws of the State of Texas or of the United States.[3] Appellant has not raised a violation of any law regarding the police obtaining evidence of intoxication by the administration of standardized field sobriety tests in English. He speculated that there was a language barrier, but there is no evidence of a language barrier in the record and no related challenge to the admission of evidence obtained as a result of the detention and arrest. Although the trial judge did everything possible to try to understand Appellant's argument regarding a reason the arrest was unlawful, Appellant was unable to point to anything except speculation. There was no conflicting evidence regarding the odor of alcohol on Appellant, the traffic violation the officer observed Appellant commit,

---

[2]Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005).

[3]*Id.*

4

or Appellant's leaving his car in "drive" after he was stopped. Additionally, Appellant admitted to consuming alcohol. The article 38.23 instruction is required only when there is a factual dispute about how the evidence was obtained.[4] The record reflects no such dispute. Consequently, Appellant was not entitled to an article 38.23 instruction.

We overrule Appellant's sole issue and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GABRIEL, and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 30, 2015

---

[4]*Renteria v. State*, 206 S.W.3d 689, 704 (Tex. Crim. App. 2006).

5