**James Michael WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–97–00273–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 20, 1999.

Ernest Acevedo, III, Ernest Acevedo, Jr., P.C., San Antonio, for appellant.

Daniel Thornberry, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before PHIL HARDBERGER, Chief Justice TOM RICKHOFF, Justice SARAH B. DUNCAN, Justice.

## OPINION

SARAH B. DUNCAN, Justice.

James Michael White appeals the trial court's order denying his motion to suppress evidence of marijuana seized during White's arrest pursuant to a recalled warrant. White contends the trial court erred in concluding the evidence was admissible under the good faith exception to the exclusionary rule contained in article 38.23(b) of the Texas Code of Criminal Procedure because the failure to remove the recalled warrant from the computer system resulted from an error by law enforcement personnel, rather than a court clerk. *See Arizona v. Evans,* 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995). We decline to engraft the *Evans* distinction between errors committed by law enforcement and those committed by judicial personnel onto the plain language of article 38.23(b) and, as a result, affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

A Bexar County deputy sheriff informed Officer Keith Whitehead of the San Antonio Police Department there was a felony warrant out for the arrest of James Michael White, and Whitehead used his mobile data terminal to access the information stored on the National Crime Information Center (NCIC) computer. The NCIC computer showed an outstanding Harris County felony warrant for White, so Whitehead and another officer proceeded to White's apartment complex where the complex manager confirmed

White's residence and gave Whitehead a key to White's apartment.

Whitehead knocked on White's door twice but received no answer. Whitehead then heard a commotion inside. Identifying himself as a police officer, Whitehead announced he had a felony warrant and was coming inside. Still no one answered the door. Accordingly, using the key he had been given, Whitehead opened the door to White's apartment. A woman standing in the living room indicated White was in the bathroom. Whitehead thus knocked on the bathroom door and, receiving no response, entered the bathroom and found White, exiting the shower. Whitehead then informed White there was a felony warrant out for his arrest and arrested him. However, as he was leaving White's apartment, Whitehead saw some marijuana in a frisbee on top of the TV in White's living room. Whitehead thus advised White of his rights and asked if he had any more. White led Whitehead to a cabinet drawer, in which there were several more marijuana cigarettes. Upon arriving at the county jail, Whitehead again confirmed the outstanding felony warrant for White's arrest on the NCIC computer.

To decide whether to extradite White, a member of the Bexar County Sheriff's Department called his counterpart in Harris County. During this conversation, it was learned the warrant had been recalled, but this information had not yet been entered into the computer system. White thus argued the evidence of marijuana was obtained as a result of a warrantless arrest and moved for its suppression at his subsequent trial for possession of two ounces or less of marijuana.

At the suppression hearing, Officer Whitehead testified substantially as set forth above, and the trial court denied White's motion, finding Officer Whitehead entered White's apartment and arrested him in good faith reliance on a warrant that had been verified on the computer. However, because the State failed to produce the recalled warrant at the suppression hearing, White asked the trial court to reconsider its ruling. At the hearing on this motion, the State tendered, and the trial court admitted, certified copies of the warrant and the supporting probable cause affidavit. The trial court then denied White's motion, and he pled guilty to the possession charge pursuant to a plea bargain agreement. In accordance with the agreement, the trial court later deferred adjudication, placed White on six months community supervision, and fined him $100.

## DISCUSSION

White contends the trial court reversibly erred in denying his motion to suppress because (1) the State failed to produce the warrant at the suppression hearing, and (2) suppression was mandated by the exclusionary rule contained in article 38.23(a) of the Texas Code of Criminal Procedure and not rendered admissible by the good faith exception contained in article 38.23(b). We disagree.

### Standard of Review

■ Because the facts surrounding White's arrest and the seizure of the marijuana are undisputed, we review the trial court's ruling de novo. *Loserth v. State,* 963 S.W.2d 770, 771 (Tex.Crim.App.1998).

### Failure to Produce Warrant at Suppression Hearing

■ In his first point of error, White contends the trial court erred in denying his motion to suppress because the State failed to produce the recalled warrant at the suppression hearing and, as a result, failed to establish the warrant was supported by probable cause and signed by a neutral magistrate. *See, e.g., Miller v. State,* 736 S.W.2d 643, 648 (Tex.Crim.App.1987) (holding the burden is on the State to produce the warrant at the suppression hearing). However, as the State points out, the trial court's admission of the warrant and the supporting cause affidavit into evidence at the subsequent hearing on White's motion to reconsider renders this error, if any, harmless beyond a reasonable doubt even if the error were subject to the harm analysis mandated by Rule 44.2(a), TEX.R.APP. P. We therefore overrule White's first point of error.

### Good Faith

In his second point of error, White argues the trial court erred in concluding the evidence of marijuana was admissible under the good faith exception contained in article 38.23(b) because the good faith exception does not apply to errors committed by law enforcement personnel. We again disagree.

Article 38.23(a) of the Texas Code of Criminal Procedure excludes "evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America." TEX.CODE CRIM. PROC. ANN. art. § 738.23(a) (Vernon 1979). Because article 38.23(a) is intended "to deter unlawful conduct on the part of law enforcement personnel," *Brick v. State*, 738 S.W.2d 676, 679 n. 5 (Tex.Crim.App.1987), article 38.23(b) excepts from operation of the article 38.23(a) exclusionary rule evidence "obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause." TEX.CODE CRIM. PROC. ANN. art. 38.23(b) (Vernon 1979). For purposes of article 38.23(b), a warrant is "issued" if a neutral magistrate finds probable cause to issue the warrant and signs the accompanying affidavit. *Dunn v. State*, 951 S.W.2d 478, 479 (Tex.Crim.App. 1997).

Here, the undisputed evidence introduced at the hearings on White's motions establishes (1) a magistrate found probable cause to arrest White, signed the accompanying affidavit, and issued a warrant for White's arrest, (2) Officer Whitehead confirmed the warrant was outstanding on his mobile data terminal link to the NCIC computer before entering White's apartment, and (3) Officer Whitehead relied upon the record of the warrant in the NCIC computer in entering White's apartment and arresting him. And there is no evidence or reasonable inference calling into question either the magistrate's presumed neutrality or the presumed merit of his probable cause finding. We therefore hold the trial court properly found Whitehead acted in objective good faith reliance upon a warrant issued by a neutral magistrate based upon probable cause and, as a result, the evidence of marijuana was admissible under the good faith exception to the exclusionary rule contained in article 38.23(b).

To support his argument to the contrary, White relies upon *Arizona v. Evans*, 514 U.S. 1, 115 S.Ct. 1185, 131 L.Ed.2d 34 (1995), and the opinion on remand in *State v. Mayorga*, 938 S.W.2d 81 (Tex.App.—Dallas 1996, no pet.). However, neither case interprets the good faith exception to the exclusionary rule contained in article 38.23(b).

Evans was arrested during a routine traffic stop after a police computer showed an outstanding warrant for his arrest. *Evans*, 514 U.S. at 4, 115 S.Ct. 1185. During the ensuing search of Evans' car, the police found marijuana, and Evans was charged with possession of an illegal substance. *Id.* The police later discovered the warrant for Evans' arrest had been quashed but a court clerk had failed to enter this information in the computer. *Id.* at 4–5, 115 S.Ct. 1185. Evans therefore argued the evidence of marijuana was obtained as a result of an illegal arrest and moved to suppress it. *Id.* at 5, 115 S.Ct. 1185. The Supreme Court held the "severe sanction" of exclusion was not warranted because the arresting officer acted in an objectively reasonable manner in relying upon the police computer record, and the erroneous record was the result of a clerical error by a court employee; therefore, exclusion would not appreciably deter similar errors in the future. *Id.* at 14–16, 115 S.Ct. 1185.

Whether an analysis similar to that employed in *Evans* applies to errors by law enforcement personnel is unsettled. The *Evans* Court expressly declined to address the issue because it was not adequately presented by the record. *Id.* at 16 n. 5, 115 S.Ct. 1185. Arguably, this issue was presented in *Mayorga* because Haydee Mayorga was arrested as a result of erroneous information supplied by a police dispatcher. *Mayorga*, 938 S.W.2d at 83. However, the applicability of the *Evans* exception issue was rendered immaterial by the Dallas Court of Appeals' holding that neither the federal nor the state exclusionary rule applied. *See State v. Mayorga*, 876 S.W.2d 176, 178 (Tex.App.—Dallas

1994). Because the exclusionary rule did not apply, the court was not required to determine the breadth of the *Evans* exception. Nonetheless, the Texas Court of Criminal Appeals remanded the case with instructions for the court of appeals to reconsider its decision in light of *Evans*. *State v. Mayorga*, 901 S.W.2d 943, 946 (Tex.Crim.App.1995). In compliance with the remand order, the Dallas Court of Appeals considered the *Evans* exception and concluded it did not apply to a mistake made by a police dispatcher, rather than a court employee. *Mayorga*, 938 S.W.2d at 83–84. However, as the court expressly recognized, its *Evans* analysis was immaterial in light of its holding that neither the federal nor the state exclusionary rule even applied to the evidence Mayorga sought to suppress. *Id.* at 84.

As these summaries illustrate, neither *Evans* nor *Mayorga* holds the judicially-created federal good faith exception does not apply to law enforcement personnel errors; the issue was expressly reserved in *Evans* and discussed in *Mayorga* only in self-proclaimed dicta. Nor does either opinion construe the good faith exception contained in article 38.23(b). As a result, neither *Evans* nor *Mayorga* considers the primary rule guiding the construction of Texas criminal statutes— to "focus on the plain language of the text" as "the foremost indication of legislative intent." *Hines v. State*, 906 S.W.2d 518, 520 (Tex.Crim.App.1995). We do so here and, as a result, decline to engraft the *Evans* distinction onto the plain language of article 38.23(b). *Cf. Givens v. State*, 949 S.W.2d 449, 451–52 (Tex.App.—Fort Worth 1997, pet. ref'd) (holding the State met its burden to establish probable cause and admissibility under article 38.23 by proving the arresting officer relied upon a computer check showing the defendant's license was suspended). We therefore overrule White's second point of error.

### CONCLUSION

The undisputed evidence introduced at the hearings on White's motions establishes the evidence he seeks to suppress is rendered admissible by the plain and unambiguous language of the good faith exception to the exclusionary rule contained in article 38.23(b) of the Texas Code of Criminal Procedure. We therefore overrule White's points of error and affirm the trial court's judgment.