

# NUMBER 13-16-00397-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

SAMUEL GENE HILL JR.,                                                  Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

---

### On appeal from the 424th District Court
### of Burnet County, Texas.

---

# MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Contreras and Hinojosa
### Memorandum Opinion by Justice Hinojosa

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

Appellant Samuel Hill Jr. appeals his conviction for possession of a controlled substance in an amount less than one gram, a state jail felony enhanced by appellant's two prior state jail felony convictions. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West, Westlaw through 2017 1st C.S.); TEX. PENAL CODE ANN. § 12.425(a) (West, Westlaw through 2017 1st C.S.). A jury found appellant guilty and assessed punishment at four years' confinement in the Texas Department of Criminal Justice– Institutional Division. By three issues, appellant argues that: (1) his trial counsel provided ineffective assistance in failing to file a motion to suppress evidence; (2) the trial court's judgment incorrectly reflects that he was convicted of a third-degree felony; and (3) the trial court erred in assessing attorney fees because appellant is indigent. We affirm as modified.

## I. BACKGROUND[2]

Appellant was charged by indictment with possession of methamphetamine "in an amount of less than one gram." A baggie containing methamphetamine was discovered in a pocket of appellant's pants during the course of his arrest on an outstanding warrant.

### A. Officer Testimony

Officers Matt Imrie and Jeremy Stewart with the Burnet Police Department testified at trial concerning appellant's arrest. Officer Imrie observed appellant walking through the parking lot of a gas station in Burnet, Texas. He was familiar with appellant and was aware of an outstanding warrant for appellant's arrest issued from another Texas county.

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

2

Officer Imrie, who was conducting a traffic stop of another individual, requested assistance from another officer.

Officer Stewart heard Officer Imrie's request on his radio and responded to the scene. Officer Stewart was also familiar with appellant and was aware of the outstanding warrant. Upon his arrival, Officer Stewart observed appellant inside the store. He then "notified dispatch and inquired about the warrant which was confirmed and waited for [appellant] to come outside." When appellant exited the store, Officer Stewart asked appellant to approach his patrol car. He then instructed appellant to place his hands behind his back and handcuffed him. He informed appellant that there was a warrant for his arrest and "began to do a search of his person incident to arrest." While searching appellant's right pocket, he discovered "a small plastic baggie that contained a crystal substance that [he] believed to be methamphetamine." After transporting appellant to jail, Officer Stewart "tested the [crystal] substance using a NIK Test Kit-U, which is for the testing of methamphetamine," and he "received a positive result."[3]

## B. Video Evidence

A dash-camera video from Officer Stewart's patrol car was admitted into evidence and published to the jury. In the video, Officer Stewart asks appellant to approach his vehicle. He immediately instructs appellant to put his hands behind his back before placing appellant in handcuffs. Officer Stewart informs appellant that he has an outstanding warrant for his arrest. When asked if he knew about the outstanding warrant, appellant responds "Yes, sir." Officer Stewart then begins searching appellant's

---

[3] Jose Martinez, a forensic scientist with the Texas Department of Public Safety, conducted further scientific testing of the crystal substance and concluded that it was methamphetamine.

pockets. Officer Stewart asks Officer Imrie, who is now assisting him, to confirm the warrant with the issuing county. Next, Officer Stewart informs appellant that a warrant for his arrest has been entered into the Texas Crime Information Center (TCIC) database. He explains to appellant that "if they don't confirm it, I'll let you go; if they confirm it, then you'll have to go to jail." Officer Imrie asks for appellant's date of birth and relays the information on his radio. Officer Stewart then searches the contents of a bag carried by appellant. Appellant later asks about the status of the warrant, and Officer Stewart responds, "we're about to find out. I'm just detaining you right now." Officer Stewart continues searching appellant's right pants pocket where he finds "brillo" and the crystal substance later confirmed to be methamphetamine. Approximately two and half minutes later, Officer Imrie informs Officer Stewart that the warrant is confirmed.

A jury returned a guilty verdict. This appeal followed.

## II. Ineffective Assistance of Counsel

By his first issue, appellant argues that his trial counsel provided ineffective assistance by failing to file a motion to suppress because "the search of appellant's pockets was unconstitutional[.]" Specifically, appellant maintains that "[t]here was no probable cause to arrest appellant when the search took place."

### A. Standard of Review

To prevail on an ineffective assistance of counsel claim, appellant must show (1) his counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

4

"Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective." *Lopez*, 343 S.W.3d at 142. To satisfy the first prong, appellant must prove by a preponderance of the evidence that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id.* To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id.*

Trial counsel's failure to file a motion to suppress evidence is not per se ineffective assistance of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "Counsel is not required to engage in the filing of futile motions." *Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.) (citing *Mooney v. State*, 817 S.W.2d 693, 698 (Tex. Crim. App. 1991)). Rather, to prevail on an ineffective assistance claim based on counsel's failure to file a motion to suppress, "an appellant must show by a preponderance of the evidence that the result of the proceeding would have been different—i.e., that the motion to suppress would have been granted and that the remaining evidence would have been insufficient to support his conviction." *Id.* (citing *Jackson v. State*, 973 S.W.2d 954, 956–57 (Tex. Crim. App. 1998)). To meet this burden, the appellant must produce evidence that defeats the presumption of proper police conduct. *Jackson*, 973 S.W.2d at 957. The appellant must therefore develop facts and details of the search sufficient to conclude that the search is invalid. *Id.* Simply contending that there "may be questions about the validity of the search is not enough" to support an ineffective assistance claim based on counsel's failure to move to suppress evidence. *Id.*

5

## B. Search Incident to Arrest

The Fourth Amendment to the United States Constitution prohibits the government from violating the people's right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. As the text suggests, the touchstone of the Fourth Amendment is "reasonableness." *State v. Villarreal*, 475 S.W.3d 784, 795 (Tex. Crim. App. 2014). A search undertaken without a search warrant is reasonable only if it falls within one of the specific and well-defined exceptions to the warrant requirement. *Id.* A search conducted incident to a lawful arrest is one of those exceptions. *Id.* at 796.

The justification for permitting a warrantless search incident to arrest is (1) the need for officers to seize weapons or other things which might be used to assault an officer or effect an escape, and (2) the need to prevent the loss or destruction of evidence.[4] *State v. Granville*, 423 S.W.3d 399, 410 (Tex. Crim. App. 2014) (citing *United States v. Robinson*, 414 U.S. 218, 224–26 (1973)). The search must be substantially contemporaneous to the arrest and be confined to the area within the immediate control of the arrestee. *Id.*

## C. Analysis

Appellant first argues that there was no probable cause to arrest appellant when the search took place because the officers had not yet "confirmed" the outstanding arrest warrant. The evidence reflects that Officer Stewart recognized appellant and had

---

[4] "Since it is the fact of custodial arrest which gives rise to the authority to search, it is of no moment that [the officer] did not indicate any subjective fear of the respondent or that he did not himself suspect that respondent was armed." *United States v. Robinson*, 414 U.S. 218, 236 (1973).

knowledge of an outstanding arrest warrant through TCIC. Generally, an officer has probable cause to arrest a suspect when they know the identity of the suspect and have knowledge of an outstanding arrest warrant. *See Haley v. State*, 480 S.W.2d 644, 645 (Tex. Crim. App. 1972) (stating that probable cause "clearly existed" for arrest when warrant check revealed outstanding warrants); *Brooks v. State*, 76 S.W.3d 426, 434 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("[T]he fact that appellant had several outstanding warrants gave the officers probable cause to arrest him."). Further, TCIC has received widespread acceptance as providing a sufficient basis for probable cause. *See O'Bryan v. State*, 464 S.W.3d 875, 880 (Tex. App.—Fort Worth 2015, pet. ref'd) (collecting cases). Accordingly, Texas courts have concluded that an officer can rely on information from a warrant check through a system such as TCIC to form probable cause for an arrest. *See Stevens v. State,* 667 S.W.2d 534, 535, 538 (Tex. Crim. App. 1984) (en banc); *White v. State*, 989 S.W.2d 108, 110 (Tex. App.—San Antonio 1999, no pet.) (concluding that the officer could rely on the record of a warrant from NCIC, the federal counterpart to TCIC, as the basis for an arrest); *Brown v. State,* 986 S.W.2d 50, 52 (Tex. App.—Dallas 1999, no pet.); *see also Nunnally v. State,* No. 11–03–00237–CR, 2004 WL 292051, at *2 (Tex. App.—Eastland Feb. 12, 2004, pet. ref'd) (not designated for publication) (noting that the officer had probable cause to arrest the appellant based on computer information he received). While the officers took the extra step of confirming the warrant with the issuing county, this is not required to establish probable cause to arrest. *See Merriweather v. State*, 501 S.W.2d 887, 891 (Tex. Crim. App. 1973) (concluding that officer conducted valid search incident to arrest where officer learned

from warrant check of an outstanding warrant, even though warrant turned out to be defective). Accordingly, we conclude that Officer Stewart had probable cause to arrest appellant when he conducted the search.

Appellant also argues that appellant was not under arrest when he was searched but only detained. Assuming that appellant is correct, we note that "[i]t is irrelevant that the arrest occurs immediately before or after the search [incident to arrest], as long as sufficient probable cause exists for the officer to arrest before the search." *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999).

Finally, relying on *Knowles v. Iowa*, 525 U.S. 113 (1998), appellant argues that the search incident to arrest was invalid because Officer Stewart did not intend to arrest appellant until after he discovered methamphetamine. In *Knowles*, an officer stopped the defendant for speeding and issued a citation rather than arresting him. 525 U.S. at 114. The officer then conducted a full search of the car and discovered marihuana. *Id.* The United States Supreme Court held that once a citation has been issued in lieu of arrest, the traffic offense can no longer justify a search incident to arrest. *Id.* at 118–19. In contrast to the officer in *Knowles*, Officer Stewart was not issuing a citation in lieu of arrest. While Officer Stewart mentioned the possibility that the warrant might not be confirmed by the issuing agency, he informed appellant that he was going to take appellant to jail should the opposite prove true. Accordingly, *Knowles* is inapposite.

We conclude that, based upon this record, appellant has not established by a preponderance of the evidence that the trial court would have granted a motion to suppress. *See Jackson*, 973 S.W.2d at 957; *Hollis*, 219 S.W.3d at 456. Therefore,

8

appellant has not established that his trial counsel rendered ineffective assistance. *See Lopez*, 343 S.W.3d at 142. We overrule appellant's first issue.[5]

### III. JUDGMENT

By his second issue, Appellant argues that "[t]he trial court's judgment incorrectly states that appellant was convicted of a third[-]degree felony." Appellant maintains that, while he was punished for a third-degree felony due to his prior convictions, his conviction was for a state jail felony. Accordingly, appellant prays that we reform the judgment of the trial court. The State does not oppose appellant's request.

This Court possesses the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.); *see* TEX. R. APP. P. 43.2(b). Appellant was convicted of possession of a controlled substance in an amount less than one gram, which is a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). Therefore, we modify the judgment to provide that appellant was convicted of a state jail felony with the penalty enhanced by two prior state jail felony convictions.

We sustain appellant's second issue.

---

[5] In a footnote, appellant also argues that "his responses to the officers' questions would have been suppressed because he did not receive *Miranda* warnings." *See Miranda v. Arizona*, 384 U.S. 436 (1966). Appellant presents no substantive argument and does not cite pertinent authority in support of his contention. Therefore, this argument has been inadequately briefed and presents nothing for review. *See* TEX. R. APP. P. 38.1(i); *Salazar v. State*, 38 S.W.3d 141, 147 (Tex. Crim. App. 2001).

## IV.  ATTORNEY FEES

By his third issue, appellant argues the trial court erred in assessing attorney fees because "appellant was found indigent and there was no material change in his financial circumstances."  Accordingly, appellant prays that we modify the judgment of the trial court "and delete the order for reimbursement of attorney fees."  We construe appellant's issue as a challenge to the sufficiency of the evidence supporting the trial court's order. The State "neither joins nor opposes" appellant's request.

A defendant who challenges the sufficiency of the evidence supporting his conviction and subsequent judgment is not required to assert a trial objection in order to preserve an appellate claim.  *See Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010).  The same is true for a defendant who wishes to challenge the order to reimburse court-appointed attorney's fees on appeal.  *See id.*  A defendant found by the trial court to be indigent cannot be required to repay the cost of the legal services provided to him unless "a material change in the defendant's financial circumstances occurs."  *Id.* at 557; *see* TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West, Westlaw through 2017 1st C.S.). The evidence is insufficient to support a reimbursement order if the record contains no evidence of a material change in the defendant's financial circumstances.  *See Mayer*, 309 S.W.3d at 556; *Johnson v. State*, 405 S.W.3d 350, 354 (Tex. App.—Tyler 2013, no pet.).

The trial court in this case determined that appellant was indigent and appointed an attorney to represent him.  We have reviewed the record and found no evidence of a material change in appellant's financial circumstances.  Accordingly, we conclude that

the evidence is insufficient to support a finding that appellant must pay $1,800 to reimburse the cost of the legal services provided to him. *See Mayer*, 309 S.W.3d at 556; *Johnson*, 405 S.W.3d at 354; *see also* TEX. CODE CRIM. PROC. ANN. art. 26.04(p). When insufficient evidence supports a trial court's ordering of reimbursement of attorney fees, the proper appellate remedy is to reform the trial court's judgment by deleting the fees assessed. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We sustain appellant's third issue.

## V. CONCLUSION

We modify the judgment of the trial court to delete the order requiring appellant to pay attorney fees in the amount of $1,800 and to reflect that appellant was convicted of a state jail felony with the penalty enhanced by two prior state jail felony convictions. We affirm the trial court's judgment as modified.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of November, 2017.